State v. Coal Co.

STATE *v.* PRUDENTIAL COAL CO.*

(*Knoxville.* September Term, 1914.)

CONSTITUTIONAL LAW. Master and servant. Imprisonment for debt. Wages. Payment.

Imprisonment by operation of law being imposed, if a fine adjudged be not paid, Acts 1913 (1st Ex. Sess.), ch. 29, declaring it a misdemeanor, punishable by fine, if a corporation operating a supply store in connection with its business does not pay in cash to its employees, at stated periods, the balance of wages due them, contravenes Const. 1870, art. 1, sec. 18, by indirectly authorizing imprisonment for debt in civil cases.

Acts cited and construed: Acts 1913, ch. 29; Acts 1899, ch. 11.

Constitution cited and construed: Art. 1, sec. 18.

Cases cited and distinguished: State v. Coal Co., 92 Tenn., 81; State v. Williams, 150 N. C., 802.

Case cited and approved: Harbison v. Iron Co., 103 Tenn., 421.

---

FROM MORGAN.

---

Appeal from the Criminal and Law Court of Morgan County.—XEN HICKS, Judge.

FRANK M. THOMPSON, attorney-general, for the State.

LINDSAY, YOUNG & DONALDSON, for respondent.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

---

*The question of the constitutionality of imprisonment for debt is discussed in a note in 34 L. R. A., 634.

Upon the validity and effect of statutes requiring wages to be paid in lawful money, see note in 28 L. R. A., 273. And for the constitutionality of statutes as to mode of payment of wages, see note in 21 L. R. A., 797.

The Prudential Coal Company was indicted for a violation of Acts 1913 (1st Ex. Sess.), ch. 29, in that it, being the operator of a commissary, unlawfully and willfully failed and refused to pay to one of its employees wages, balance then due him in lawful money, after deducting from his wages all amounts furnished him in the way of cash, supplies, rents, etc., according to statute.

The trial judge sustained a demurrer to the indictment, which demurrer impeached the statute as unconstitutional because in violation of Constitution 1870, art. 1, sec. 18: ''The legislature shall pass no law authorizing imprisonment for debt in civil cases.''

The State has appealed and assigned errors.

The statute under test provides that all corporations doing business within this State which shall employ any salesmen, mechanics, laborers, and which operate a commissary or supply store in connection with their business, shall pay the wages, balance then due such employee, in lawful money semimonthly on the fifteenth and thirtieth of each month, after deductions for advancements have been made.

It is provided in the second section of the statute that a violation of the first section, above outlined, shall be a misdemeanor punishable by fine therein set forth. Imprisonment is not in terms provided to be imposed.

The question thus raised is ruled, in principle, by the case of State v. Paint Rock Coal Co., 92 Tenn. (8 Pickle), 81, 20 S. W., 499, 36 Am. St. Rep., 68, in which

a statute was held unconstitutional which provided that it should be a misdemeanor for any person, firm or corporation to refuse to cash or redeem, in lawful currency, any check or scrip within thirty days of issuance, and that, upon conviction, a prescribed fine should be imposed.

The court, after remarking upon the fact that it was not for any fraudulent intent of the person or corporation issuing the check or scrip that he or it was sought to be thus punished, said:

"The act of the legislature in question, while not directly authorizing imprisonment for debt, does attempt to create a crime for the nonpayment of debts evidenced by check, scrip, or order, and for such crime provides a penalty, which may or may not be followed by imprisonment. In that way and for that reason the act is violative of the spirit, if not the letter, of the constitutional provision above cited. It is an indirect imposition of imprisonment for the nonpayment of debt, and is therefore clearly within the constitutional inhibition."

On failure to pay any fine adjudged, by operation of law imprisonment would be imposed on the violator of the statute, if valid.

Obviously the purpose of the statute in question was to enforce the payment of contract wages, and at stated periods, under the penalty prescribed, and it must fall as unconstitutional.

We have not been cited any other case which rules the point.

This court, in *Harbison* v. *Iron Co.,* 103 Tenn. (19 Pickle), 421, 53 S. W., 955, 56 L. R. A., 316, 76 Am. St. Rep., 682, affirmed 183 U. S., 13, 22 Sup. Ct., 1, 46 L. Ed., 55, upheld as constitutional Act 1899, ch. 11, which required and regulated the payment of laborer's scrip, but that statute prescribed a civil remedy for violation, and not a penalty, so that it was not tested as to validity by the clause of the constitution here under construction.

In a case (*State* v. *Williams,* 150 N. C., 802, 63 S. E., 949), which declared an act unconstitutional because it provided for imprisonment for debt, it appeared that the act made immediate provision for imprisonment. Clark, C. J., said:

"The offense here charged has no element of fraud, and as the statute imposes imprisonment it cannot be sustained. Speaking only for myself, there is nothing, however, which forbids the general assembly to authorize the imposition of the fine upon the tenant of the landlord for the conduct described in the statute, but the party could not be imprisoned for the nonpayment of the fine or costs, since that would be to allow by indirection what cannot be done directly."

The court, however, in that case refrained from expressing its opinion on the point.

The trial court, following *State* v. *Paint Rock Coal Co.,* supra, held the act here under consideration void.

Affirmed.