Williams v. Williams.

MRS. MARY FRAZIER WILLIAMS *v.* DAVID SHELBY WILLIAMS.

## (*Nashville.* December Term, 1921.)

1. **DIVORCE.** Statute not mandatory, but alimony allowed when facts bring case within express purpose; ''may.''

Under Shannon's Code, sections 4221-4224, providing that the court in dissolving a marriage may provide for the support and maintenance of the wife by the husband, or out of his property, etc., the word, "may" cannot be interpreted to mean "shall," but the court may not exercise an arbitrary discretion, and, where the facts bring the case within the purpose of the allowance of alimony, it is the duty of the court to allow it. (*Post, p.* 43.)

Code cited and construed: Secs. 4221-4224 (S.); Secs. 2468 to 2471 (1858).

2. **DIVORCE.** May be granted without alimony or alimony decreed without divorce.

There is no necessary connection between divorce and alimony, and divorce may be granted without alimony or alimony decreed when there is no divorce. (*Post pp.* 43, 44.)

Cases cited and approved: McBee v. McBee, 48 Tenn., 561; Toncray v. Toncray, 123 Tenn., 484.

3. **DIVORCE.** Alimony should be granted when circumstances permit, notwithstanding wife's ownership of property.

Under Shannon's Code, sections 4221-4224, it is the duty of the court granting a divorce to require the husband to provide for the suitable support of the wife when the circumstances of the parties and the facts of the case will permit, even though the wife has ample property of her own, or strength or ability to earn a support for herself, as the statute was not passed merely to provide for the wife's support, but to provide for such support by the husband, or out of his property. (*Post, pp.* 44-46.)

Williams v. Williams.

Case cited and distinguished: Chunn v. Chunn, 19 Tenn:, 136.

4. **DIVORCE.** Wife should be granted fair portion of husband's estate for her support.

Upon an absolute divorce obtained by the wife she is entitled to a fair portion of the husband's estate for her suitable support, the amount to be determined according to the circumstances of the parties and the facts of the particular case. (*Post, p.* 46.)

5. **DIVORCE.** Alimony awarded in solido in absence of reasons for different award.

In the absence of any reasons for making an award for the support of the wife upon a divorce in the form of monthly or yearly allowances or by setting aside a particular part of the husband's estate *in specie* to the wife, the proper practice is to award alimony *in solido.* (*Post, p.* 46.)

Case cited and distinguished: Winslow v. Winslow, 133 Tenn., 666.

6. **DIVORCE.** Wife allowed $20,000 as alimony from husband worth $180,000.

Where a husband, whose wife was grante da divorce for his misconduct, was worth $180,000, and for years had had the management of the wife's separate property with the free use of the income and had been able to hold salaried positions by reason of being the nominal holder of her property, but the wife's own estate was sufficient, not only to care for her needs, but to afford her a luxurious support, an allowance of $2,500 as alimony *held* too small, the usual allowance of one-third of the husband's property too large, and $20,000 fair and just. (*Post, pp.* 46, 47.)

7. **DIVORCE.** Amount allowed as alimony may be reduced because of wife's ownership of property.

While under Shannon's Code, sect'ons 4221-4224, a husband cannot he entirely freed from contributing to his wife's support upon the granting of a divorce because of her ownership of property, under the express provision that the extent of her separate estate shall be taken into consideration, the amount to be set apart to her may be reduced below what it would otherwise be because of her ownership of an estate of her own. (*Post, pp.* 47, 48.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—
Hon. James B. Newman, Judge.

John J. Vertrees and W. O. Vertrees, for appellant.

Thos. H. Malone, for appellee.

Mr. L. D. Smith, Special Judge, delivered the opinion of
the Court.

This is a suit begun in the chancery court by the com-
plainant, the wife, against the defendant, the husband, for
divorce and alimony, based upon charges of adultery by
the husband. An absolute divorce was granted, and ali-
mony allowed in the sum of $7,500, which includes $2,500
for counsel fees. Both the complainant and the defendant
have appealed to this court to that portion of the decree
with respect to alimony, the complainant contending that
the amount of alimony allowed is too little, and the defend-
ant that none at all should be allowed, and, if any, less than
that allowed by the chancellor.

The contention of the defendant to the effect that com-
plainant is not entitled to any alimony at all is predicated
upon the facts which are undisputed here that the wife
has a separate estate of something like $500,000, from which
she derives an income of over $20,000 per annum, an estate
more than sufficient to provide for her suitable support and
maintenance, and that the statute only provides for ali-
mony when it is needed for that purpose.

Certainly the wife in this case does not need alimony for her support, since she has ample income to abundantly provide for her support—all that her situation in life could possibly require. This is conceded by the complainant, but it is maintained for her that by virtue of the marital relationship she is entitled to suitable support from her husband, at least to the extent of his ability and within reasonable limitations, regardless of the value of her separate estate or income, and that the amount to which she would be otherwise entitled should be increased by reason of the husband's misconduct which brought about the separation.

Counsel have displayed much learning and research on the subject of divorce and alimony, and have drawn upon the ecclesiastical law and decisions of numerous courts in various jurisdictions in support of their respective arguments. No authoritative case directly in point appears to have been discovered. Indeed the subject is one which must be governed by our statutes and by the interpretations that have been put upon them by previous decisions of the court. It seems quite clear upon principle and authority that the right to alimony must be found in the statutes, and the amount thereof fixed upon the considerations named in the statute. We are therefore led directly to this source for the knowledge of the law by which the rights of these parties must be determined. Of course we may have access to the ecclesiastical law and the decisions of courts of law and equity in arriving at a proper interpretation of the statutes.

The statutes of Tennessee on this subject are found in Shannon's Code at sections 4221 to 4224. They were brought into the Code of 1858 at sections 2468 to 2471 substantially as compiled in Shannon's Code from the Acts of

the General Assembly of 1835-36 and 1841-42. As found in the Code above referred to the statutes are as follows:

4221. "Whether the marriage be dissolved absolutely or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties."

4222. "And in such case the court may decree to the wife such part of the husband's real and personal estate as it may think proper. In doing which, the court may have reference to the property which the husband received by the wife at the time of the marriage, or afterwards, as well as to the separate property secured to her by her marriage contract or otherwise."

4223. "The court may enforce its orders and decrees by sequestering the rents and profits of the real estate of the husband, if he has any, and his personal estate and choses in action, and by appointing a receiver thereof, and from time to time causing the same to be applied to the use of the complainant and her children, or by such other lawful ways and means as are usual and according to the course and practice of the court, as to the court shall seem meet and agreeable to equity and good conscience."

4224. "If the wife, at the time of a decree dissolving a marriage, be the owner of any lands, or have in her possession goods or chattels or choses in action acquired by her own industry or given to her by devise or otherwise, or which may have come to her, or to which she may be entitled by the decease of any relative intestate, she shall have entire and exclusive dominion and control thereof,

and may sue for and recover the same in her own name, subject, however, to the rights of creditors who became such before the decree was pronounced."

It will have been noticed that it is provided by section 4221 that "the court *may* make an order or decree for the suitable support 'and maintenance of the complainant . . . by the husband, or out of his property, according to the nature of the case and the circumstances of the parties," and in section 4222 the words *"may* decree to the wife such part of the husband's real and personal estate as it may think proper." In section 4223 it is said "the court *may* enforce its orders and decrees by sequestering the rents," etc., or "by such other lawful ways and means as are usual and according to the course and practice of the court, as to the court shall seem meet and agreeable to equity and good conscience," and in section 4224, "if the wife . . . have [property] acquired by her own industry or given to her . . . she *shall* have entire and exclusive dominion and control thereof," etc.

The word "may" appearing in these various sections of our statutes is the subject of controversy here; it being contended by the defendant that the use of this word indicates that it is within the discretion of the court to disallow alimony where it is made to appear that the wife does not actually need funds for her support. On the other hand, it is contended that the word "may" is to be interpreted as meaning "shall" or as imposing upon the court the duty of allowing some alimony under all circumstances.

Neither contention is strictly accurate. Sections 4221, 4223 and 4224 are taken from chapter 26 of the Acts of 1835-36, sections 10 and 11. By reference to the original acts it will be observed that the legislature, instead of

using the words "the court may," etc., as found in sections 4221, 4223, and 4224, used the words "it shall be lawful for the court," etc. These words are evidently intended to confer upon the courts the power, but not to impose under all circumstances the absolute and imperative duty of doing so. The statute is not one within the principle frequently applied where the word "may" is interpreted to mean "shall." What is lawful is not always necessarily expedient. There is no necessary connection between divorce and alimony. Divorce may be granted without alimony, and alimony may be decreed when there is no divorce. *McBee* v. *McBee*, 1 Heisk., 561; *Toncray* v. *Toncray*, 123 Tenn., 484, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas., 1912C, 284.

However, it does not follow from this interpretation of the statute that the court may exercise an arbitrary discretion. By making it lawful for the court to do a certain thing, especially when the purpose of the thing which it is made lawful to do is set forth, implies a duty upon the court to do it in all cases where the facts bring them within the expressed purpose of the allowance for alimony.

It is made lawful for the court to decree alimony to the wife, the expressed purpose being to provide a suitable support for her *by the husband or out of his property.* And it is the duty of the court, when the circumstances of the parties and the facts of the case will permit, by means of a decree to require the husband to provide for the suitable support of the wife. And this is true, even though the wife be able otherwise to obtain or have a support. The duty of the husband to afford the wife a suitable support is no less by reason of the fact that she has property of her own or strength or ability to earn a support for herself.

In what terms of dollars and cents this suitable support shall be expressed very properly depends upon and is effected by, among other things, the amount of property the wife has independently of her husband, but the duty is none the less imperative by reason of the fact that she has her own means by which she can support herself.

It was said by the court in *Chunn* v. *Chunn*, Meigs, 136:

"When the bonds of matrimony are dissolved, no matter for what cause, there is just reason for restoring, at least, the injured party to the same situation, as near as may be, occupied by him or her before the marriage."

The husband owes the duty to his wife of rendering to her suitable support without reference to her financial condition. He ought not to be allowed to escape the performance of that duty by affording his wife cause for separation and placing her in a financial situation worse than it was before his misconduct brought about a legal separation.

We can easily imagine cases in which the husband ought not or cannot be made to pay alimony, but it does not follow that because the court has a discretion to disallow it in such cases the husband should be excused merely because the wife is not in actual need of support. The statute was not passed merely for the purpose of affording a suitable support to the wife, nor does the language of the statute import that meaning merely. It carries the meaning of making provision for the wife's suitable support by the husband or out of his property. It will be noticed that section 4222 contains nothing with reference to the wife's support, but makes provision for giving to her a part of the husband's property.

We conclude, although the statute does not impose upon the court the imperative duty of always and under all cir-

cumstances granting alimony, the court is not released from the duty of doing so merely because the wife has means of her own, or is otherwise able to afford herself a support, independently of the means of her husband. We are of the opinion, under the statutes and the facts of this case, that it is the duty of the court to provide for the wife's suitable support by the husband or out of his property.

We come, therefore, to the consideration of the question of the amount that should be provided—whether the amount allowed by the chancellor meets the merits and justice of the case.

Stated generally, the rule is: Upon an absolute divorce obtained by the wife she is entitled to a fair portion of the husband's estate for her suitable support, the amount to be determined according to the circumstances of the parties and the facts of the particular case. The most important element, therefore, is the extent or value of the husband's estate. Where the husband has no estate, but an earning capacity, the wife's support may be provided for by monthly allowances, but, as was said by this court in *Winslow* v. *Winslow,* 133 Tenn., 666:

"The practice in Tennessee has been for many years to award alimony *in solido,* upon the granting of an absolute divorce, rather than to award to the wife a monthly or yearly allowance payable by the husband."

In this case there are no reasons why either monthly or yearly allowances should be allowed, or that any particular part of the husband's estate should be set aside, *in specie* to the wife. The rule stated in the Winslow Case is aptly applicable to this case.

The proof shows that the husband's estate has a value of about $180,000. It has been customary with the court,

where the estate of the husband is something near the value of the husband's in the present instance, to allow about one-third for the wife's alimony, but in the cases in which that proportion of the husband's estate has been given to the wife the value of the wife's separate estate, and the extent, if any, the husband had profited by the wife's property have not entered into the consideration so far as indicated by the written opinions.

It is proper and right that the court should consider in determining what portion of his estate should be given the wife to what extent, if any, the wife has contributed to the production of his estate. In this case it is a fact which cannot well be denied that the husband profited very largely by reason of having had the management of his wife's separate property. His credit has been largely increased by reason thereof; he has had free use of her income and profits derived from the handling of her estate. It is quite possible that a considerable portion of the income and profits produced by the wife's separate estate have gone to the personal uses of the defendant. It is certain that he has been able to hold salaried positions by reason of being the nominal holder of her property. Altogether it is quite reasonable to say that the wife's estate has contributed largely to the present value of the defendant's property, and, under the rule, aside from other considerations, to set apart to her at least one-third of the value of the defendant's estate.

But our statutes specifically provide that the extent of the wife's separate estate shall be taken into consideration, which of course means that, if she has an estate of her own, the amount of the husband's property to be set apart to her is to be reduced below what it would otherwise be. It cannot be reduced so as to entirely free the husband from

contributing to the suitable support of the wife, but since she has an estate more than sufficient to take care of her needs, and in fact an estate sufficient to afford her a luxurious support, a very material reduction in the amount that would otherwise be allowed must be made. We do not think this amount can be increased by reason of the misconduct of the husband under the facts of this case. We do not say that misconduct of a husband will in no case be taken into consideration to increase the amount, for it is quite possible and within the realm of probabilities that cases might arise where the husband's misconduct would materially affect the question of what is a suitable support to the wife. But in this case we are unable to see how the misconduct of the defendant can materially affect the wife's pecuniary situation.

In view of the large estate owned by the wife, we are of the opinion that the usual rule of one-third should be reduced to some amount which will in a measure reasonably represent the duty of this husband to contribute to his wife's suitable support. The amount allowed by the chancellor is scarcely sufficient to provide a home, food, and clothing for the wife. The sum ought at least to be sufficient to cover this character of support, and, in our judgment, taking into consideration the age of the complainant, her expectancy in life, and charging the defendant with the duty of providing reasonable support, the sum of $20,000 would be fair and just, to which should be added a reasonable sum for counsel fees. In our opinion $3,500 should be allowed for this.

The decree of the chancellor will be accordingly modified, and the costs of this court will be equally divided between the complainant and defendant. The costs of the court below will be paid as adjudged by the chancellor.