MARTHA ROWLAND BROWN *v.* JOHN C. BROWN.*

(*Nashville.* September Term, 1927.)

Opinion filed March 31, 1928.

1. DIVORCE. ALIMONY. POWER OF COURT. STATUTE.

The power of the Court, granting a divorce, to award alimony to
the wife, and to enforce such award, is regulated by statute. (Post,
p. 623.)

Citing: Code of 1858, sections 2468-2470; Shannon's Code (all edi-
tions) sections 4221-4223.

2. DIVORCE. ALIMONY. ENFORCEMENT OF JUDGMENT.
CONTEMPT.

A divorced wife may properly seek the aid of the court in the en-
forcement of a judgment of alimony, through contempt proceed-
ings, when it is made to appear that the refusal of the divorced
husband to comply with the judgment or decree amounts to willful
disobedience or obstinancy. (Post, p. 624.)

Citing: Clark v. Clark, 152 Tenn. (25 Thomp.), 431.

3. DIVORCE. ALIMONY. ENFORCEMENT OF JUDGMENT.
CONTEMPT.

Where the trial court does not retain jurisdiction of a divorce case
after making the award of alimony, it has lost its power and juris-
diction to modify the order so as to meet the changed conditions
existing at the time of defendant's refusal to continue the perio-
dical payments. (Post, p. 624.)

Citing: Going v. Going, 148 Tenn. (21 Thomp.), 559, 31 A. L. R.
633.

4. DIVORCE. ALIMONY. ENFORCEMENT OF JUDGMENT. CON-
TEMPT. IMPRISONMENT FOR DEBT.

Alimony is not a debt within the meaning of statutes or constitu-

*Imprisonment for failure to pay alimony as violation of the con-
stitutional provision against imprisonment for debt, see annotation
in 34 L. R. A., 634; 17 L. R. A. (N. S.), 1140; L. R. A., 1915B, 651; 1
R. C. L., 907; 1 R. C. L. Supp., 279; 5 R. C. L. Supp., 53; 6 R. C. L.
Supp., 45.

tional provisions which prohibit imprisonment for debt.   (Post- p. 625.)

Citing: Clark v. Clark, 152 Tenn. (25 Thomp.), 431; Going v. Going, 148 Tenn. (21 Thomp.), 559; State v. Latham, 136 Tenn., 30, 34; Adams v. Adams, 80 N. J. Eq., 175, 83 Atl., 190, Ann. Cas., 1913-E., 1083; Ex parte Davis, 101 Tex., 607, 111 S. W., 394, 17 L. R. A. (N. S.), 1140, and note, and authorities cited in annotations of the cases of Carr v. State, 106 Ala., 35, 17 South., 350, 34 L. R. A., 634, 636, 54 Am. St. Rep., 17, State v. Prudential Coal Co., 130 Tenn., 275, 170 S. W., 56, L. R. A., 1915B, 646; State v. English, 101 S. C., 304, 85 S. E., 721 L. R. A., 1915F., 977.

5. **DIVORCE.   ALIMONY.   ENFORCEMENT OF JUDGMENT. CONTEMPT.**

There is no distinction in regard to the enforcement of a judgment for alimony payable at stated periods, or a fixed or indefinite period, and a judgment for alimony payable in gross at the time judgment is rendered, and for which execution may issue.   (Post, p. 626.)

Citing: Winslow v. Winslow, 133 Tenn. (5 Thomp.), 663; Williams v. Williams, 146 Tenn. (19 Thomp.), 38.

6. **DIVORCE.   ALIMONY.   ENFORCEMENT OF JUDGMENT. CONTEMPT.**

The substantive right of the wife to alimony, upon obtaining a divorce from her husband, is regulated by statute, and where the husband has no estate but an earning capacity, the wife's support may be provided for by monthly allowance.   (Post, p. 626.)

Citing: Code of 1858, sections 2468-2469; Lyon v. Lyon, 21 Conn., 185; Cook v. Cook, 66 Ohio St., 566, 58 L. R. A., 625.

Distinguishing: Winslow v. Winslow, 133 Tenn. (6 Thomp.), 666.

7. **DIVORCE.   ALIMONY.   ENFORCEMENT OF JUDGMENT. CONTEMPT.   BANKRUPTCY.**

The obligation of a husband to pay alimony, reduced to judgment, does not thereby become a debt, dischargeable in bankruptcy, notwithstanding the decree or judgment fixing the amount is unalterable.   (Post, p. 629.)

8. **DIVORCE. ALIMONY. POWER OF COURT.**

The power of the Court, granting a divorce, to award alimony to the wife, and to enforce such award, is regulated by statute. (Post, p. 632. )

Citing: Adams v. Adams, 80 N. J. Eq., 175, 83 Atl., 190, Ann. Cas., 1913E, 1083.

9. Where a petition for contempt has been filed against the defendant in a divorce suit a demurrer to the jurisdiction of the Court should be overruled and the defendant allowed to set up any defense which may be available to him which would tend to show that his failure to comply with the judgment for alimony is neither willful, obstinate or inexcusable. (Post, p. 632.)

*Headnotes 1. Divorce, 19 C. J., section 692; 2. Divorce, 19 C. J., section 608; 3. Divorce, 19 C. J., section 566; 4. ———; 5. Divorce, 19 C. J., section 691; 6. ———; 7. Divorce, 19 C. J., section 704.

## FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.— HON. A. B. NEIL, Judge.

J. M. PEEBLES, for plaintiff in error.

M. S. Ross and O. W. HUGHES, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The petitioner, Martha Rowland Brown, filed her petition on August 20, 1927, in the Circuit Court of Davidson County, averring a final judgment upon her previous application for divorce, and a judgment of April 4, 1927, awarding alimony in the sum of $32,800.

The petition averred that the defendant, John C. Brown, had in his hands at least $8,000, the proceeds of a tract of land which he had sold after representing to the petitioner that he would apply the proceeds on said judgment for alimony; that the defendant had fraudulently disposed of a personal estate of at least $40,000, in order to prevent the petitioner from enforcing the payment of said judgment; that he has hampered, hindered and harassed petitioner in the collection of said judgment and is attempting through chicanery, deceit and other devices to defeat its collection.

The petition further avers that unless restrained the defendant will dispose of the proceeds of the sale of said tract of land, and prays for a writ of injunction and an attachment of the person of the defendant.

It was further disclosed by averments of the petition that the amount of said judgment for alimony was the result of a settlement agreed upon between petitioner and defendant.

The petition contains certain other averments with reference to a preliminary injunction issued during the pendency of the action for divorce, which it is not necessary to further consider on this appeal.

The case was heard in the circuit court upon the demurrer of the defendant, which was sustained. The petition was treated by counsel and by the circuit court as seeking the punishment of the defendant as in contempt of court for willful failure to comply with the judgment or decree awarding alimony. The demurrer having been sustained, the petition was dismissed, and the petitioner has appealed.

The petition sufficiently avers the ability of the defendant to satisfy the judgment for alimony, at least in part,

and his willful failure and refusal to do so. The petition was dismissed upon the holding of the circuit court that the judgment for alimony was a money judgment, for a failure to comply with which the defendant could not be put in contempt of court, under the authority of *Going v. Going,* 148 Tenn., 559, 31 A. L. R., 633.

*(1) (8)* The power of a court, granting a divorce, to award alimony to the wife, and to enforce such award, is regulated by statute; Code of 1858, sections 2468-2470; Shannon's Code (all editions), sections 4221-4223; as follows:

"Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his proprty, according to the nature of the case and the circumstances of the parties.

"And, in such case, the court may decree to the wife such part of the husband's real and personal estate as it may think proper. In doing which, the court may have reference to the property which the husband received by his wife at the time of the marriage, or afterwards, as well as to the separate property secured to her by marriage contract or otherwise.

"The court may enforce its orders and decrees by sequestering the rents and profits of the real estate of the husband, if he has any, and his personal estate and choses in action, and by appointing a receiver thereof, and from time to time causing the same to be applied to the use of the complainant and her children, or by such other lawful ways and means as are usual and according to the course and practice of the court, as to the court

shall seem meet and agreeable to equity and good conscience."

(2) In *Clark* v. *Clark*, 152 Tenn., 431, this court definitely held that a divorced wife may properly seek the aid of the court in the enforcement of a judgment for alimony, through contempt proceedings, when it is made to appear that the refusal of the divorced husband to comply with the judgment or decree amounts to willful disobedience or obstinacy. In that case the court said:

"It has been announced that the process for contempt, although not frequently resorted to, is a proper and salutary mode of proceeding where the exigency of the case requires it, being one of the established modes of enforcing decrees of courts of equity, and a practice to which the superior court should conform in cases where the defendant's disobedience of the decree is palpable, willful and inexcusable, and constitutes, beyond doubt, contempt. *Lyon* v. *Lyon, supra.*

"The rule is based upon the ground that the refusal. is willful disobedenece, and where a party is guilty of willful disobedience, or obstinacy to an order of the court or judge, the court or judge is empowered to punish for contempt and sentence him to imprisonment until the specified sum and costs are paid."

The judgment sought to be enforced in *Clark* v. *Clark, supra,* provided for the payment of $10 per month, following the granting of an absolute divorce. No time limit was placed upon the required payments, but the judgment had provided that the case should be retained in court for the making of such further orders as the court might deem proper.

(3) The case of *Clark* v. *Clark,* was differentiated by the court from the previous case of *Going* v. *Going, supra,*

by the fact that in the latter case the trial court had not retained jurisdiction of the case after making the award of alimony, and had lost its power and jurisdiction to modify the order so as to meet the changed conditions existing at the time of the defendant's refusal to continue the periodical payments.

(4) The two cases commit the court to rule, clearly supported by the majority of authorities elsewhere, "that alimony is not a debt within the meaning of statutes or constitutional provisions which prohibit imprisonment for debt."

This rule is founded upon the same principle which supports the power of the State to imprison a delinquent husband, upon default in the payment of stated amounts exacted by order of court in proceedings brought for failure to support his wife; defined by this court in *Staic* v. *Latham,* 136 Tenn., 30, 34, as follows:

"The obligation of the husband in that regard (the support of his wife) does not arise out of contract, expressed or implied, so as to have the *status* of a debt within the meaning of the Constitution. The overwhelming weight of authority is to the effect that the word 'debt' used in the constitutional provision covers only such obligations as arise between debtor and creditor, by express contract or by the law's implication. *Adams* v. *Adams,* 80 N. J. Eq., 175, 83 Atl., 190, Ann. Cas., 1913E, 1083, *Ex parte Davis,* 101 Tex., 607, 111 S. W., 394, 17 L. R. A. (N. S.), 1140, and note, and authorities cited in annotations of the cases of *Carr* v. *State,* 106 Ala., 35, 17 South., 350, 34 L. R. A., 634, 636, 54 Am. St. Rep., 17, and *State* v. *Prudential Coal Co.,* 130 Tenn., 275, 170 S. W., 56, L. R. A., 1915B, 646.

"It has been specifically ruled that an imprisonment imposed on a husband for his failure to support his wife is not imprisonment for debt. The supreme court of South Carolina, in *State* v. *English,* 101 S. C., 304, 85 S. E., 721, L. R. A., 1915F, 977, said:

" 'The penalty for the breach of the command is imprisonment. But that is not for any 'debt' due by the husband to the wife; it is for the husband's failure to obey society's law, made for society's subsistence.' "

*(5)* We have not been able to find any authority which makes any distinction in this regard between alimony payable at stated periods for a fixed or indefinite period, and a judgment for alimony payable in gross at the time judgment is rendered, and for which execution may issue.

Upon the granting of an absolute divorce, the general rule in this State is to award alimony in gross; and the authority of the court to award the wife a monthly or yearly allowance, payable by the husband after divorce, has been recognized only in recent years. *Winslow* v. *Winslow,* 133 Tenn., 663; *Williams* v. *Williams,* 146 Tenn., 38. Such monthly or yearly allowance is awarded, under our practice, only when the husband has no estate, but has an earning capacity.

*(6)* The substantive right of the wife to alimony, upon obtaining a divorce from her husband, is regulated by statute, and, in *Williams* v. *Williams, supra,* is stated as follows:

"Stated generally, the rule is: Upon an absolute divorce obtained by the wife she is entitled to a fair portion of the husband's estate for her suitable support, the amount to be determined according to the circumstances of the parties and the facts of the particular case. The

most important element, therefore, is the extent or value of the husband's estate. Where the husband has no estate, but an earning capacity, the wife's support may be provided for by monthly allowances, but, as was said by this court in *Winslow* v. *Winslow,* 133 Tenn., 666:

" 'The practice in Tennessee has been for many years to award alimony *in solido,* upon the granting of an absolute divorce, rather than to award to the wife a monthly or yearly allowance payable by the husband.' "

Whether the award be for a sum of money, measured by and payable out of the property owned by the husband at the time the divorce is granted, or whether the award takes the form of a requirement that the husband pay a specified sum of money at stated intervals, from his earnings, the purpose of the award and its essential characteristics are the same; authorized by the same statute and differing in form, not because of any difference in the substantive rights of the wife, but only because of the husband's ability to pay.

In *Lyon* v. *Lyon,* 21 Conn., 185, alimony in the sum of $5,000, payable within sixty days from the date of judgment, was awarded. The wife subsequently filed her petition alleging the willful and contumacious refusal of the husband to pay the amount awarded, and asked that the award be enforced by writs of injunction, discovery, and attachment for contempt. The Supreme Court of Connecticut overruled the defendant's contention that the decree was to be treated as the ordinary decree or judgment for the payment of a mere debt or sum of money, enforceable only by execution or appropriate resort to a court of equity, and held that the attachment for contempt should issue. Referring to a local statutory provision, similar in terms to that quoted herein-

above from sections 2468-2469 of our Code of 1858, the
court (21 Conn., 197-198,) said:

"The court does not, under this provision, decree and
assign alimony, as a debt due to the wife, or as damages
to be paid to her, by her late husband, on their divorce,
but as a part or proportion of his estate, fixed by the
court, in its discretion, and appropriated to her, and to
which she thereupon becomes legally entitled. Such de-
cree and assignment is specific in its character, and oper-
ates as a division or partition, between the husband and
wife, of his property, in such proportion as the court, by
its decree, determines. Where his property consists of
real, or ordinary personal estate, which can be specifical-
ly divided, the court will, itself, or by a committee ap-
pointed for that purpose, apart to her such portion of
his property as is assigned by the decree. Where it con-
sists of property which is not capable of such a division,
such as money in his hands, the court determines the sum
which the wife shall receive, and directs, that the hus-
band shall pay it to her, within such time as it shall
deem reasonable; and such decree obliges him to perform
the act, so directed to be done, specifically. The nature
and effect of such a decree is the same as that of an or-
dinary decree of a court of equity for the specific per-
formance of any other act."

The same result was reached, upon a similar interpre-
tation of a final judgment or decree for alimony in gross,
in the case of State of Ohio, on complaint of *Ellen C.
Cook* v. *Edward W. Cook,* 66 Ohio State, 566, 58 L. R.
A., 625, where the Supreme Court of Ohio said:

"The liability originates in the wrongful act of the
husband, against the consequences of which-the public
as well as the wife has the right to be protected. Beyond

this the provision for alimony is an allowance. It is in the nature of a partition. Recognizing the right of the wife to participate in the accumulations which are presumably the result of their joint efforts and joint economies, and having in mind at the same time any property which may have come to the husband by the marriage, the law wisely awards the wife a just and equitable proportion of the whole, and for purposes of convenient execution, and to meet all varying situations, this allowance may be made either in real or personal property, or both, or in money, payable in gross or in installments, as to the court may seem reasonable. The court does not decree alimony as a debt to the wife, or as damages to be paid to her by her late husband, but as a part of the estate standing in his name in which she has a right to share, fixed by the court in its discretion, and thus appropriated to her, and to which she thereupon becomes legally entitled. The withholding of this allowance, therefore, by the husband, when able to respond, is a refusal to abide by and perform the order and decree of the court, and it is difficult to see why such refusal should not be punished as a contempt for the same reason and upon the same grounds that orders and decrees of courts of equity, in injunction and the like, are in like manner enforced.''

(7) In *Wetmore* v. *Markoe*, 196 U. S., 68; 49 Law Ed., 390, the United States Supreme Court held that the husband's obligation to pay alimony, reduced to judgment, does not thereby become a debt, dischargeable in bankruptcy, notwithstanding the decree or judgment fixing the amount is unalterable. Quoting from the earlier case of *Audubon* v. *Shufeldt*, 181 U. S., 577; 45 Law Ed., 1010, that ''permanent alimony is regarded rather as a

portion of the husband's estate to which the wife is equitaby entitled than as strictly a debt,'' the Supreme Court said:

"It is true that, in the cases referred to, the decrees were rendered in courts having continuing control over them, with power to alter or amend them upon application; but this fact does not change the essential character of the liability, nor determine whether a claim for alimony is, in its nature, contractual so as to make it a debt. The court having power to look behind the judgment, to determine the nature and extent of the liability, the obligation enforced is still of the same character notwithstanding the judgment. We think the reasoning of the *Audubon Case* (*supra*) recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation, or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the husband. The law interferes when the husband neglects or refuses to discharge this duty, and enforces it against him by means of legal proceedings.''

The reasoning of the authorities above cited and quoted convinces us that the rendition of final judgment for the amount found by the court to be the proper measure of the husband's obligation, does not change or alter the essential nature and characteristics of the obligation itself, or destroy it by merger, so as to render its enforcement by attachment for contempt an inapplicable or inappropriate remedy, whenever the circumstances surrounding

the husband's failure to comply with the judgment are found by the court to justify a resort to such process.

Every reason which would justify the issuance of an attachment for contempt, on account of the husband's willful and obstinate refusal to comply with an award of alimony in the one form, exists with equal force when the award takes the other form. If there is any difference, it would seem that a contempt proceeding would be more appropriate in the present case than in *Clark* v. *Clark, supra;* for a judgment for alimony in gross is made upon a finding by the court of the present value of the husband's estate, and the judgment is itself a finding of the husband's present ability to pay, with little opportunity for any change in the status of the husband between the date of the award and the institution of the contempt proceedings, unless such change be the result of the husband's effort to avoid the consequences of the judgment against him.

This difference between the situation resulting from an award of alimony in gross and a judgment requiring future payments of alimony at stated periods of time, suggests the inapplicability of the conclusion reached in *Going* v. *Going, supra,* to the present case. The judgment of alimony rendered herein contemplated an immediate and not a future payment; and no reason existed for an order retaining the case in court for future orders which the court might deem proper to make. An attachment of the person of the defendant, requiring him to show cause why he should not be put in contempt of court for his willful refusal to satisfy the award, constitutes neither an addition to nor a modification of the award or judgment itself. It is merely a supplemental process by which the court endeavors to enforce its

judgment, as authorized in section 2470 of the Code of 1858 (Shannon's Code, section 4223).

(8)   The fact that the amount of the alimony awarded to the petitioner was agreed upon by the parties, after the entry of the judgment of divorce but before the entry of the judgment for alimony, the agreement being set out in the latter judgment, does not change the nature of the defendant's obligation, nor affect the power and jurisdiction of the court in the enforcement of its judgment. The agreement of the parties merely supplied the evidence upon which the court fixed the amount of the award.

A similar conclusion was stated by the New Jersey Court of Errors and Appeals in *Adams* v. *Adams,* 80 N. J. Eq., 175, 83 Atl., 190, Ann. Cas., 1913E, 1083; a proceeding for contempt for failure to comply with a decree for alimony, which decree recited an agreement of the defendant, made at the hearing of the divorce case, that a decree should be made requiring him to pay to the complainant alimony at the rate of $2500 per year in quarterly installments. The New Jersey Court said:

"In the present case, the bill was filed to compel the performance by the defendant of the marital duty which he owed his wife of providing for her support. The contract between them, made upon the hearing, did not create the obligation, but merely liquidated the amount of money which he should pay her from time to time in discharge thereof."

(9)   We conclude that the learned circuit judge should have overruled the demurrer to the petition for the attachment. The case will be remanded to the circuit court, for further proceedings, at which the defendant will be entitled to set up any defense to the petition which

may be available to him, as indicated in *Clark* v. *Clark, supra,* which would tend to show that his failure to comply with the judgment for alimony is neither willful, obstinate nor inexcusable. The appellee will pay the costs of the appeal.

MR. JUSTICE COOK does not concur in the conclusion stated in this opinion.