BUCHHOLTZ *v.* BUCHHOLTZ.

(*Knoxville,* September Term, 1939.)

Opinion filed October 21, 1939.

S. B. SMITH, of Chattanooga, for complainant.

FOSTER JOHNSON, of Chattanooga, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is an appeal from the action of the circuit court in overruling a motion to quash an execution issued in this case to collect alimony in arrears in the sum of $150.

On December 8, 1928, the wife was decreed an absolute divorce from the husband on the ground of cruel and inhuman treatment. The decree as to alimony is as follows:

"It further appearing to the Court that the parties hereto have agreed as to the amount of alimony, etc., which it is proper for the defendant to pay complainant, and that said agreement is in writing, it is further ordered that the same be incorporated herein and made a part hereof. Said agreement is as follows:

" 'This agreement between Mrs. Elizabeth R. Buchholtz and A. W. Buchholtz. Witnesseth that:

. " 'Whereas Mrs. Elizabeth R. Buchholtz, wife of A. W. Buchholtz is now living separate and apart from her

husband and has been so living since the first day of August, 1928, and

" 'Whereas, differences have arisen between the parties on account of which they find it impossible to cohabit with each other any longer, and

" 'Whereas, Elizabeth R. Buchholtz has filed a petition for divorce against A. W. Buchholtz in the Circuit Court of Hamilton County, Tennessee, and they are desirous of settling between them all questions of alimony, support, etc., it is therefore agreed between the parties that A. W. Buchholtz will pay to Elizabeth R. Buchholtz the sum of One Hundred ($100.00) Dollars per month in full settlement of any and all claims she may have against him by reason of the marital relation which payments are to be made as follows: $100.00 to be paid on the first day of January, 1929, and $100.00 per month on the first day of each month thereafter, so long as both of the parties live. Provided, however, that in the event of any material reduction in the earning capacity of the said A. W. Buchholtz as a result of illness, or other cause, such payments shall be reduced in proportion to such reduction in earning capacity.

" 'In the event a divorce should be granted to Elizabeth R. Buchholtz it is further agreed that this writing shall be incorporated and made a part of her decree.

" 'It is further agreed that in the event of the remarriage of the said Mrs. Elizabeth R. Buchholtz after the granting of a divorce from the said A. W. Buchholtz (if such divorce be granted) then the payments above provided shall terminate.' "

This was a decree for a sum certain, to-wit $100 per month, until modified on account of reduced earning capacity or illness, with the further provision that if the wife should marry again then payments should cease.

Decrees awarding alimony *in futuro* are valid and enforceable in Tennessee. *Winslow* v. *Winslow*, 133 Tenn., 663, 182 S. W., 241; *Going* v. *Going*, 8 Tenn. App., 690; *Watson* v. *Campodonico*, 3 Tenn. Civ. App., 698. Such decrees may be enforced by execution. 19 C. J., 309-310; *Going* v. *Going*, 148 Tenn., 522, 546, 256 S. W., 890, 31 A. L. R., 633; *White* v. *Bates*, 89 Tenn., 570, 572, 15 S. W., 651; Code, sec. 8862; 1 R. C. L., 951. Such a decree is, in and of itself, an award of execution. *Hyder* v. *Butler*, 103 Tenn., 289, 52 S. W., 876.

A final decree for a specific sum without reservation cannot be modified or abrogated. *Going* v. *Going*, 144 Tenn., 303, 232 S. W., 443. In the present case, there was an express reservation, namely, the right to have the amount of alimony modified on account of reduced earning capacity or illness. In this situation the defendant had a right by petition to apply to the court in this case for relief, which, in effect, the decree authorized him to do.

The grounds of the motion to quash are as follows:

"(1) That the decree entered in this case is a final decree, the Court retaining no jurisdiction of the cause, and for this reason the execution which was issued is void.

"(2) That the execution is void for the further reason that complainant made no motion to ascertain the amount, if any, due under the decree entered in this cause, and the amount set forth in the execution is an arbitrary amount, set by complainant. The Court has nothing to base this amount on, and for this reason the execution is void."

The first ground is without merit because an execution can issue at any time on a valid money decree.

■ With respect to the second ground it is not claimed that the amount of $150 is erroneous, and in the absence of a challenge of its correctness by a motion to quash it will be presumed that it is correct. 23 C. J., 539; *Harlan* v. *Harlan*, 82 Tenn. (14 Lea), 107; *Baldwin* v. *Merrill*, 27 Tenn. (8 Humph.), 132.

Such a practice was approved by this court in denying *certiorari* in *Going* v. *Going*, 8 Tenn. App., 690, and is generally recognized as the proper method for enforcing such a decree. 19 C. J., 309-310. In an equity proceeding, heard by consent with this case, in which this former husband seeks relief as to the foregoing decree, he practically admits such arrearage.

The court was correct in overruling the motion to quash and his judgment will be affirmed.