CHARLES C. KING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109268.    Promulgated October 7, 1942.

*Homer K. Jones, C. P. A.*, for the petitioner.
*Frank M. Thompson, Jr., Esq.*, for the respondent.

OPINION.

ARUNDELL: The Commissioner determined income tax deficiencies of $6,957.94 and $2,093.50 for the calendar years 1936 and 1937, respectively. The sole issue is whether respondent erred in adding to gross income the amount of $7,500 each year representing income of a trust of which petitioner was grantor. A second issue, as to the taxability of dividends, has been settled by stipulation. The facts are stipulated.

Petitioner, a resident of Memphis, Tennessee, was married to Ramelle Van Vleet King in 1913, a son was born in 1918, a trust indenture and a property agreement were executed by petitioner and his wife on July 30, 1936, the wife filed suit for divorce on August 1, 1936, and a final and absolute divorce was awarded her by decree dated September 22, 1936. In consideration of the execution of the property agreement and the property set apart therein to the wife, she released all claims and demands of every nature against petitioner, including support, maintenance, alimony and dower, arising in any manner from the relation of husband and wife, "as though the marriage relation had never existed between them." The agreement provided that the wife would

have the custody and guardianship of the son, but that petitioner for four years from September 1, 1936, would pay all the expenses of the son's support, maintenance, and education. The property agreement contained no reference to the trust created on the same day.

By the trust indenture petitioner conveyed to the wife as trustee certain stock, the income from which was to be paid to herself individually during her life or until her remarriage. Upon her death or remarriage successor trustees were named and directed to pay the income to petitioner's son until he attained the age of 25, when he was to receive one-half of the corpus. The income from the remaining one-half was to be paid to the son until he reached the age of 30, when he was to receive the balance of the corpus. If the son should not be living at the time of the wife's death or remarriage, or if he should die before reaching 30, then in either of those events the corpus was to be delivered free of trust to the son's wife, and if there were no wife surviving him, then to his child or children, and in default thereof to petitioner if he were living, otherwise to his heirs in accordance with the laws of Tennessee. The wife as trustee was granted the power to sell the securities constituting the trust corpus, in which event the proceeds of such sale were to be held subject to the terms of the indenture.

In her complaint for divorce the wife did not request alimony. The final divorce decree contained the following:

And, it being stated to the Court that the property rights of the complainant and the defendant, and provision for the support of said child have been made and effected by a private agreement, no award is made of alimony for the support of the complainant and her son.

This cause is retained in Court, however, for the purpose of permitting the complainant to apply for an award of alimony for the support of her son, in the event of the breach of the written agreement heretofore entered into between the complainant and the defendant, for the support of said child, and, further, for the enforcement of this decree and any further orders that may be entered in said cause, and for all other things that may be proper in the circumstances.

No part of the trust income for the years 1936 and 1937 was paid to petitioner or for the support of the son. The income was paid directly to the wife and was reported by her in her income tax returns. No refund of the taxes paid thereon by the wife has been made pending final determination as to whether the tax on the trust income is due from her or petitioner.

In accordance with the property agreement petitioner supported the son with his personal funds during the taxable years, and at all times material to this proceeding the property agreement has been performed by the parties according to its terms.

At the time of the separation of petitioner and his wife, the net worth of the wife was in excess of $500,000.

The income of this trust is to be taxed to petitioner unless there is a clear showing that its payment to the wife did not discharge a continuing obligation on his part, either contractual or statutory, to support and maintain her. *Pearce* v. *Commissioner*, 315 U. S. 543; *Helvering* v. *Leonard*, 310 U. S. 80; *Helvering* v. *Fuller*, 310 U. S. 69; *Helvering* v. *Fitch*, 309 U. S. 149; *Douglas* v. *Willcuts*, 296 U. S. 1.

It is clear there was no continuing contractual obligation. The property settlement completely and finally absolved petitioner from any future liability to support his wife. Nor do we think there is any doubt that petitioner, under the present circumstances, was left free of any continuing burden imposed by local law.

The Supreme Court of Tennessee decided at an early date that an absolute divorce extinguishes the marriage relationship and all duty of maintenance upon the part of the husband "as much as if the dissolution had been effected by the death of the wife." *Chenault* v. *Chenault*, 37 Tenn. (5 Sneed) 248. The wife could have no claim on the future earnings or acquisitions of the husband, and the proper course in such a case was to make a division of the husband's estate and vest a specific portion thereof in the wife. The granting to the wife of an award in gross upon an absolute divorce has continued to be the customary practice in Tennessee. *Brown* v. *Brown*, 156 Tenn. 619; 4 S. W. (2d) 345; *Williams* v. *Williams*, 146 Tenn. 38; 236 S. W. 938; *Winslow* v. *Winslow*, 133 Tenn. 663, 182 S. W. 241. It is only where the husband has no present estate but does have earning capacity that later cases have awarded periodic payments to be made in the future. *Brown* v. *Brown, supra.*

The courts of Tennessee have also adopted the rule that the wife can have no additional allowance for alimony on absolute divorce where she has accepted a private settlement agreement providing for her support and maintenance. *Russell* v. *Russell*, 3 Tenn. App. 232. " * * * a validly executed agreement respecting maintenance will effectually deprive the wife of a decree for alimony as such." *Matthews* v. *Matthews*, 24 Tenn. App. 580; 148 S. W. (2d) 3 (1940).

The provision of the Tennessee Code upon which respondent relies Michie's Tennessee Code of 1938 Annotated, sec. 8446, which apparently appeared for the first time in its present form in the 1932 revision of the code, is as follows:

§ 8446 4221 (2468). Alimony for support of wife and children.—Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown.

The Supreme Court of Tennessee has recently construed this section. *Davenport* v. *Davenport*, 160 S. W. (2d) 406 (1942). It held that this provision authorized the granting of an award for the support of minor children notwithstanding the original decree had made no award or reserved no control or power to modify the decree. In this respect the statute altered prior holdings to the effect that if an award of periodic payments is made the court is without power to modify its decree unless such power is expressly reserved therein. *Buchholtz* v. *Buchholtz*, 175 Tenn. 87; 132 S. W. (2d) 208; *Going* v. *Going*, 144 Tenn. 303; 232 S. W. 443. But, of controlling significance here, the court limited its holding to provisions respecting the children, since the common law imposed a continuing duty to support the children after the divorce. With respect to the duty to support the wife the court stated:

\* \* \* The obligation of the husband to the wife is extinguished by a decree of divorce, without provision for alimony, and the holding herein is limited to the child or children, as to whom, \* \* \* the obligation of the father exists and continues independent of a decree.

In the instant case, the parties having by agreement made complete provision for the wife's support and maintenance, the court in its decree expressly stated that "no award is made of alimony \* \* \*." We conclude, therefore, that petitioner is not taxable upon the trust income in question.

*Decision will be entered under Rule 50.*