Evelyn Mae SMITH, Appellee,

v.

Clarence L. SMITH, Jr., Appellant.

Supreme Court of Tennessee,
at Knoxville.

Dec. 6, 1982.

Marvin Jwill Weaver, Lockett, Slovis &
Weaver, Knoxville, for appellant.

James L. Frederick, Maryville, for appellee.

## OPINION

FONES, Chief Justice.

This procedural quagmire does not lend itself to a brief introductory statement of the issue. We granted defendant's T.R.A.P. 11 application to examine the propriety of the Court of Appeals' award of a judgment for child support arrearage based on a procedural technicality, there having been no adjudication on the merits of plaintiff's claim in the trial court. We reverse and remand for a trial of that issue on its merits.

On June 27, 1980, plaintiff Evelyn Smith filed a petition titled "Petition for Contempt and Increased Child Support." She recited therein that she and defendant Clarence Smith were divorced by decree entered February 16, 1978, and defendant was ordered to pay ninety dollars per week child support. It was alleged therein that defendant was disabled in an accident in February 1979, but that he had returned to full employment in February 1980. Additional allegations in the petition revealed that the parties litigated throughout the year 1979 and early 1980, plaintiff seeking contempt citations for failure to pay child support and defendant seeking reduction of child support because of his job-related injury. It appears from said allegations that defendant was held in contempt for failure to pay child support, that he appealed to the Court of Appeals, but that the parties settled that controversy before the appellate court reached the case on its merits. The June 27, 1980, petition recites that:

"An agreed order was then filed in this Court acknowledging that defendant had become temporarily totally disabled from being a truck driver in February of 1979, and ordering that child support be set at forty ($40) dollars per week, reserving plaintiff's cause of action as to any arrearages then due. Said order took effect on February 8, 1980.

### V.

That, as of April 23, 1980, defendant has accumulated child support arrearages of two thousand five hundred ($2,500.50) dollars and fifty cents."

Plaintiff then alleged that defendant had returned to his previous employment as an over-the-road truck driver and was believed to be earning as much or more than he was earning at the time of the original decree when child support of ninety dollars per week was awarded.

The petition also contained allegations about a division of a parcel of real estate in the original decree, that defendant had failed to deliver a deed as he was required to do and that his failure to do so was in wilful contempt of the Court.

The prayers of the petition were that defendant be required to answer but not under oath and (1) that he be held in contempt, (2) that he be ordered to deliver the deed, (3) that child support be increased from forty dollars to ninety dollars per week, and (4) that he be ordered to pay $2,500.50 in child support arrearages "in whatever manner this Court deems proper."

The June 27, 1980, petition came on for hearing before the trial court on July 17, 1980. The transcript begins with a recitation by the trial judge of a brief history of the case and a summary of the issues raised by the petition, whereupon the trial judge said to defendant's counsel, "I don't believe you've responded but I do understand you do want to make an oral ... [response]." Defendant's counsel then responded orally to the issue with respect to the deed, the issue of increasing the child support, and the issue with respect to arrearage. In short, counsel orally stated defendant's position with respect to every issue in the petition and near the end of his oral answer said, "I emphatically deny that there are any grounds for their petition." Specifically, with respect to arrearage, defendant's oral answer was as follows:

"As to the arrearage, I don't think the Court can go back farther than its order of February 8, in order to compute any arrearage. And to do so would compute arrearage out of workmen's compensation benefits."

With respect to plaintiff's contention that defendant was in wilful contempt for failure to deliver a deed allegedly called for in the final decree of divorce, after a lengthy colloquy between the Court, counsel for the parties, and a former counsel who was present, seeking an award of attorney's fees for past services rendered for plaintiff, the trial judge called attention to the fact that the final decree vested and divested the respective property interests and no deed was called for.

Thereafter, the parties put on their proof on the issue of whether the child support payments should be increased. Neither party adduced a single word of proof on the question of past-due child support. At the conclusion of the hearing, the trial judge awarded a fee to plaintiff's former attorney and took under advisement "the other problem."

On September 24, 1980, an order was entered increasing child support from forty dollars per week to sixty-five dollars per week and dismissing "all other matters." There were no findings of fact nor any mention of the arrearage issue in that order.

On October 7, 1980, plaintiff filed a motion to amend the judgment or in the alternative grant a new trial. It was plaintiff's contention that defendant did not file a written answer nor "at the trial of the cause did not utter a denial of plaintiff's sworn assertion that 'as of April 23, 1980, defendant has accumulated child support arrearages of $2,500.50.' "

That motion was heard on November 18, 1980, and overruled by order entered December 8, 1980.

On plaintiff's appeal, the Court of Appeals filed an opinion on July 22, 1981, affirming the trial court. The intermediate court said that the only issue presented by plaintiff was whether the child support arrearage was at issue in the trial on July 17, 1980. After expressly finding that the trial judge treated defendant's oral response as an answer, the Court of Appeals held as follows:

"Considering the state of the record, we think the Court could have considered the matter, and perhaps did, from the standpoint of whether or not he would hold the defendant in contempt. He apparently decided the contempt issue in favor of the defendant. Since no appeal lies from acquittal for contempt, this Court is without authority to give the plaintiff any relief. *Johnson v. Johnson,* Tenn.App., 499 S.W.2d 268 (1973) and *Plumb v. Plumb,* 52 Tenn.App. 267, 372 S.W.2d 771.

The Court's failure to direct how the defendant should pay the arrearage is harmless. The proof fails to show the amount due but it is not necessary for the Court to enter a second decree directing how it should be paid. It constitutes a judgment and the plaintiff only needs to have execution issued for its collection. *Buchholtz v. Buchholtz,* 175 Tenn. 87, 132 S.W.2d 208 (1939)."

In response to plaintiff's petition to rehear, the Court of Appeals withdrew its first opinion and filed a second opinion on September 18, 1981. The second opinion was substantially the same as the first but with the following addition thereto:

"However, under the circumstances we think it was improper for the Court to dismiss the plaintiff's petition on this issue. The defendant did not deny owing the arrearage in his answer. Rule 8.04 of the Rules of Civil Procedure provides: 'averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading . . .' Under the state of the record, we think the plaintiff is entitled to a judgment of the Court reflecting the arrearage."

Of course, T.R.C.P. 8 contemplates that every petition that sets forth a claim for relief shall be met by an answer in writing. However, we do not agree that T.R.C.P. 8.04 was available to plaintiff when sought post-trial, under the facts in this record.

■ There can be no doubt but that the trial judge invited defendant to make an oral answer and treated defendant's oral answer as sufficient to traverse every issue raised by plaintiff's petition and to put the parties to their proof on those issues. Plaintiff was present with counsel and failed to raise any question about the lack of a written answer, or that the oral answer was insufficient, in whole or in part, so as to constitute an admission of any matters pled by plaintiff. In those circumstances, plaintiff will not be heard to assert post-trial that defendant's failure to file a written answer should be taken as an admission of the arrearage of child support as pled.

The parties simply overlooked the issue of arrearage in adducing proof on July 17, 1980. It is clear, however, that the trial judge interpreted plaintiff's petition as seeking to hold defendant in contempt of court for failure to deliver the deed, rather than for arrearages of child support. At page twelve of the transcript, the trial judge said:

"COURT: Part of the petition prepared by the plaintiff is statements that the defendant failed to execute the aforementioned deed to the plaintiff. And because of this he's in wilfull contempt but there is no mention in the decree in any way, shape, form or fashion about a deed."

In that interpretation, the trial judge was correct. Paragraph two of the petition contains the only mention of contempt except the prayer which does not refer to either the deed or arrearage. Paragraph two in its entirety reads as follows:

"That defendant has failed to execute the aforementioned deed to the plaintiff, although she has asked him to do so on numerous occasions. Because of the foregoing, defendant is in wilfull contempt of this Court."

The brief paragraph with respect to arrearage was contained in paragraph five of the complaint.

The record does not contain a transcript of the hearing on plaintiff's motion to amend the judgment or grant a new trial. However, plaintiff's motion squarely presented the question to the trial judge that defendant's failure to file a written answer and his alleged failure to deny orally the amount of the arrearage alleged entitled plaintiff to a judgment for the amount pled. Thus, the trial judge's order denying plaintiff's motion must be construed as a rejection of both of plaintiff's contentions.

As we have indicated in the first part of this opinion, we find that defendant orally entered a general denial that he owed any arrearage and specially pled that no arrearage could be allowed that pre-dated the February 8, 1980 consent decree and that no arrearage could be allowed during the period plaintiff was injured and paid worker's compensation.

A similar situation was involved in *Edwards v. Edwards*, 501 S.W.2d 283 (Tenn. App.1973). There husband filed an original complaint for divorce and two days later wife filed an original complaint for divorce. Shortly thereafter, wife filed an answer to husband's petition and asked that her original complaint be considered a counter-complaint. Husband did not file an answer but on the trial of the case wife made no mention of the failure of husband to answer. On appeal from an adverse decree wife sought to invoke T.R.C.P. 8.04 and asserted that all of the allegations of her counter-complaint should be treated as admitted by virtue of husband's failure to answer. Judge Todd, writing for the Court of Appeals, responded to that contention as follows:

"This rule is not interpreted to mean that a party is privileged to go to trial without calling to the attention of the Trial Court the complete absence of a necessary pleading.

. . . .

It would appear, therefore, that complete omission to answer must be taken advantage of by suitable application for default judgment, otherwise it is waived by proceeding to trial as if the pleadings were at issue. See *Cherry v. Smith*, 57 Tenn. (10 Heisk.) 389, (1873); *Teasdale & Co. v. Manchester Produce Co.,* 104 Tenn. 267, 56 S.W. 853 (1900). A partial failure to answer fully, as by omitting answer to particular allegation, should be timely called to the attention of the Trial Court with request that the alleged fact be considered as admitted.

Failure to answer should not be considered a substitute for evidence when first invoked on appeal." *Id.* at 290.

We approve those procedural rules applied in *Edwards* and find them applicable and controlling in this case. The fact that plaintiff complained for the first time post-trial instead of on appeal, does not cure her failure to raise the question at trial.

■ However, this is an equitable proceeding involving indirectly the welfare of a minor child on the one hand and on the other hand, possible equitable defenses to a mathematical computation of child support arrearage. Courts are reluctant to dispose of such matters on procedural technicalities. The trial judge was correct in overruling plaintiff's motion to amend the judgment but we think he should have granted plaintiff's motion for a new trial and required both parties to amend their pleadings to properly state their respective position with respect to the arrearage issue.

The judgment of the Court of Appeals is reversed and this cause is remanded for a new trial in accord with the directions herein. Costs of the appeal are adjudged one-half against each party.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.