IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 7, 2003

**WILLIAM JEFFREY TARKINGTON v.
REBECCA JUANITA TARKINGTON**

**Appeal from the Circuit Court for Davidson County
No. 96D-1512     Muriel Robinson, Judge**

**No. M2002-01914-COA-R3-CV - Filed October 2, 2003**

This appeal arises from the Father's post-divorce petition to set child support and to terminate previously ordered alimony *in futuro*. From an adverse decision of the trial court denying child support and termination of the alimony obligation, Father appeals. We affirm the portions of the trial court's ruling regarding alimony and reverse the award of attorney's fees and denial of support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and PATRICIA J. COTTRELL, JJ., joined.

Karla C. Hewitt, Nashville, Tennessee, for the appellant, William Jeffrey Tarkington.

John David Moore, Nashville, Tennessee, for the appellee, Rebecca Juanita Tarkington.

**OPINION**

William Jeffrey Tarkington and Rebecca Juanita Tarkington (Father and Mother respectively), were divorced by Order of the Fourth Circuit Court of Davidson County, Tennessee entered April 1, 1997. The divorce decree provides the following paragraphs pertinent to this decision:

> The Court further finds that due to need and other reasons enumerated by the Court at the conclusion of trial, that Mr. Tarkington shall pay to Ms. Tarkington alimony in futuro in the amount of $500.00 per month until her death or remarriage.

> . . . .

The Court further finds that Ms. Tarkington shall have custody of the two minor children from August 15th of one year to May 31st of the following year, every year. Mr. Tarkington shall have custody of the two minor children from June 1st until August 15th of each year. The parties shall alternate visitation during the Christmas holidays with each party having one week thereof. Visitation shall be exchanged each year at 2:00 p.m. on Christmas Day.

. . . .

The Court further finds that Mr. [Tarkington] shall pay the sum of $535.00 per month as child support, but that this sum shall be reduced to one-half (½) ($267.50) for the three summer months when he has the children. Child support payments will be directly to the wife as agreed to by the parties.

Subsequent to the entry of this decree the Father filed a Petition for Contempt and to Modify the Final Decree, in which he sought, *inter alia*, custody of Jason Neal Tarkington, the younger of the two children of the marriage. On November 3, 1999, Father filed a Motion for Temporary Custody and to Terminate Child Support which alleged that both children were then residing with him. After a hearing on the 12th of November, the court refused to change temporary custody but terminated the Father's child support obligation. Father was allowed to amend his Petition to request change of custody of both minor children, which he did on November 16, 1999. Mother filed an Answer and Counter-Petition for Contempt. The Petition was heard August 7, 2001. After that hearing the court granted custody of the children to Father and dismissed the counter-petition for contempt. This Order was entered on February 11, 2002. Between the time of the hearing and the time of the entry of the Order, Father filed the instant Petition to set child support and to terminate alimony *in futuro*. The original Petition was filed November 20, 2001, and amended on February 7, 2002. That Amended Petition states the following, in pertinent part:

2. The Father's child support obligation was terminated pursuant to a hearing on November 12, 1999 due to the filing of a Petition to change custody. Subsequently, the final hearing on Father's Petition was held on August 7, 2001 and the Father's Parenting Plan was approved and made the Judgment of the Court. He is now the primary residential parent of both minor children, and the Mother was awarded substantially "standard" visitation with some restrictions.

3. The Court, in [its] Order approving the Parenting Plan of the Petitioner at the August 7, 2001 hearing, ordered that child support would not be assessed at this time, stating "Mother is recipient of alimony and has not become employed as of yet. Child support will be reviewed after a reasonable time for her to become employed."

4. The Father is in need of child support for the two teenage boys of this marriage. The Father would assert that it has been nearly six (6) months since the hearing, and that is a reasonable amount of time in which a person could find a job. Therefore, the Father would request this Honorable Court to assess a reasonable

amount of support pursuant to the Guidelines, and if the Mother is unemployed, support should at least be set on a minimum wage income.

5. Further, the Mother is residing with her boyfriend in Lobelville, Tennessee, and has instructed the Father to mail her support checks to this address. The Father would assert that since the Mother is residing with a third party, she is no longer entitled to the alimony *in futuro*, pursuant to Tenn. Code Ann. § 36-5-101. Therefore, the Father would respectfully request this Honorable Court to terminate his alimony *in futuro* obligation.

6. As the Father is in great need of assistance and support from the Mother for these two children, and as [the Court] specifically reserved this matter for review, that an order should issue which requires the Mother to appear and show cause why a reasonable amount of child support should not be set. Further, this order should require her to appear and show cause why the Father's alimony obligation should not be terminated, as he is receiving no financial assistance from the Mother whatsoever.

In her Answer to Father's Petition, Mother admitted paragraphs two, three and four of the Petition, denied paragraph five generally, and, in paragraph six denied only that Father's alimony obligation should be terminated, and admitted "that child support should be set upon her income at the time of the court hearing." Father's Petition to Set Child Support was heard May 30, 2002. At that hearing, Mother testified that her gross monthly income from a job with a temporary employment service was $1,362.84, and that she resided with her mother while paying her mother $200 of utility costs per month as rent. Also in the course of the testimony it was revealed that Father has a gross income of $35,000 per year. It also bears noting that according to the Parenting Plan adopted by the trial court in its February 11 order, the oldest of the two children of the marriage, William Richard Tarkington, reached the age of majority on October 2, 2002. Jason Neal, the younger of the two children, will reach the age of majority on October 10, 2003.

After hearing the proof, the court entered the following Order:

This cause came to be heard on the 30th day of May, 2002, before the Honorable Muriel Robinson, Judge, upon Plaintiff's Petition to Set Child Support. After testimony of both parties, and based upon her income of approximately $12,000.00 and Plaintiff's income of approximately three times as much as Defendant's, the Court determined that there is no change in circumstances which would justify modification of alimony. Furthermore, due to the small amount of income Defendant has, the Court will not award Plaintiff child support at this time. It is, therefore,

ORDERED, ADJUDGED and DECREED that the Petition to Modify the alimony award is hereby denied. It is, further,

ORDERED, ADJUDGED and DECREED that the Petition to Set Child Support is hereby denied at this time due to Ms. Tarkington's low income. It is, further,

ORDERED, ADJUDGED and DECREED that the attorney for Ms. Tarkington, John David Moore, shall be awarded attorneys fees in the amount of $350.00. It is, further,

ORDERED, ADJUDGED and DECREED that the costs of this cause are to be taxed against the Petitioner for which execution may issue, if necessary.

ENTERED this the 5th day of August, 2002.

## I. CHILD SUPPORT

Father's first issue on appeal deals with the trial court's refusal to award child support. In support of his position Father argues that the statements of counsel in open court constituted a stipulation as to the amount and propriety of the Mother's child support obligation, that the Mother admitted in her Answer that child support was appropriate, and finally that the trial court erred in refusing to determine whether child support should be set "due to the small amount of income Defendant has." Tennessee Rules of Civil Procedure 8 contemplates that every petition requiring responsive pleading be met with a written answer admitting or denying the allegation. T.R.C.P. 8.04; *see also Smith v. Smith*, 643 S.W.2d 320, 322 (Tenn.1982). Furthermore, Mother complied with this rule in admitting the amount of her income and the need for child support to be set. The crucial paragraph in this analysis is paragraph six of the Mother's Answer, in which she specifically admits that the obligation should be set while denying the remainder of the Father's averment with regard to alimony *in futuro*. Despite the difference in the parties' income as displayed in the transcript of the evidence, and regardless of what was stated by counsel in the introductory statements to the court, the pleadings themselves are dispositive of the issue, and there is nothing left for the court in this situation but determine the amount and number of payments to be made under the Guidelines.

At the time of the May 2002 Order, the oldest of the two children was five months away from his eighteenth birthday. And although there is proof in the record that the child is mildly autistic, absent any proof of the extent of that disability and its impact on his ability to support himself, there is no obligation appearing in the record to support the child past his eighteenth birthday, the same being the day he attains majority. *See Howard v. Howard*, 991 S.W.2d 251, at 256 (Tenn.Ct.App. 1999). The admitted amount of child support for two children is $365 per month. The amount of child support for one child for that amount of income would be $239 per month. Thus the portions of the decree concerning child support is modified to require a payment of $365 per month representing the period from the time of the decree to October 2002. Since the record also reflects that the younger of the children will attain the age of majority in October 2003, the remaining twelve months child support obligation will be set at the amount applied by the Guidelines for one child, $239 per month.

## II. ALIMONY IN FUTURO

Father's second issue on appeal concerns the trial court's refusal to terminate or suspend his alimony *in futuro* payments. In support of this issue, Father argues that the presumption established

in Tennessee Code Annotated section 36-5-101(a)(3) prevails upon the proof offered by Mother. To the contrary, the testimony at trial showed that Mother was required to pay for the utilities as a form of rent of the premises provided her by the maternal grandmother. Section 101(a)(3) provides for the following rebuttable presumption:

> In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
> (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
> (B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

Tenn. Code Ann. § 36-5-101(a)(3)(2001).

Since this case was tried to the court without a jury we review the findings of the court *de novo* with a presumption of correctness on appeal absent a preponderance of the evidence to the contrary. T.R.A.P. 13(d); *see Azbill v. Azbill*, 661 S.W.2d 682, 686 (Tenn.Ct.App.1983). The court found that no change in circumstances justified the modification of the alimony *in futuro* award and we cannot find on appeal that the preponderance of the evidence is otherwise. Regardless of the trial court's statement from the bench, the Mother had testified that she was paying rent for her quarters. She had also stated that her previous living arrangements with Mr. Eddie Ray in Lobelville were temporary. The proof at trial at the very least, created a fact issue as to whether a change of circumstances exists. Nonetheless the essence of the inquiry is a credibility call to be made by the trial court.

> The trial court observed the manner and demeanor of the witnesses and is in a better position to determine the credibility of those who appeared personally before the court. Any conflict in testimony requiring a determination of the credibility of witnesses is for the trial court and is binding on the appellate court, unless other real evidence compels a contrary conclusion. *State ex rel. Balsinger v. Town of Madisonville*, 222 Tenn. 272, 282, 435 S.W.2d 803, 807 (1968); *Linder v. Little*, 490 S.W.2d 717, 712 (Tenn.App.1972).

*Azbill*, 661 S.W.2d, at 687.

III. ATTORNEYS FEES

1.      Father's last issue concerns the award of attorney's fees in the amount of $350.00. It is well settled in this jurisdiction that the trial court is vested with wide discretion in the allowance of

attorney's fees. This Court will not substitute its own judgment absent a showing of an abuse of that discretion. *See e.g. Elliott v. Elliott*, 825 S.W.2d 87, at 92 (Tenn.Ct.App.1991); *Threadgill v. Threadgill*, 740 S.W.2d 419 (Tenn.Ct.App.1987). However, the reasoning of this court requires that Father prevail in his child support petition. Thus, the grant of attorneys fees to the non-prevailing respondent Wife would amount to an abuse of discretion. *See* Tenn. Code Ann. § 36-5-103(c) (2001); *see also Harris v. Harris*, 83 S.W.3d 137, 141 (Tenn.Ct.App.2001). The award of attorney's fees is therefore reversed.

IV.  DISPOSITION

The Order of the trial court denying child support and award of attorney's fees is reversed with the following modification:  Plaintiff is entitled to five months of child support at $365 per month, and twelve months of child support at $239 per month, the Order with regard to alimony *in futuro* is affirmed.  The cause is remanded for further proceedings as necessary.  The costs of this appeal are taxed equally against the Appellant, William Tarkington, and the Appellee, Rebecca Tarkington, for which execution may issue.


_____
WILLIAM B. CAIN, JUDGE