Charles David SIGLER d/b/a
Laverte's Market

v.

METROPOLITAN BEER PERMIT
BOARD OF THE METROPOLITAN
GOVERNMENT OF NASHVILLE
AND DAVIDSON COUNTY, Tennessee.

Court of Appeals of Tennessee
at Nashville.

May 4, 2001.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 8, 2001

Charles Galbreath, Nashville, TN, for appellant, Charles David Sigler.

David Diaz–Barriga, Nashville, TN, for appellee, Metropolitan Beer Permit Board of the Metropolitan Government of Nashville and Davidson County, Tennessee.

## OPINION

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and ASH, Sp. J., joined.

Mr. Cook, a minor, purchased beer from Mr. Sigler after showing his brother's valid Tennessee Driver's License. Mr. Sigler's beer permit was temporarily suspended for violation of a metropolitan code prohibiting the sale of beer to a minor. Mr. Sigler's appeals, arguing that he could not have done anything more to prevent the sale to a minor and that, accordingly, he should not be penalized. We affirm.

The facts in this case are undisputed. On April 12, 1999, Ricky Ray Cook (Mr. Cook) entered Laverte's Market and proceeded to stack beer on the cashier's counter for purchase. Charles David Sigler (Mr. Sigler), who was working the counter at the time, asked Mr. Cook for identification. Mr. Cook showed Mr. Sigler a valid Tennessee Driver's License which displayed what Mr. Sigler thought to be Mr. Cook's picture. Based upon this identification, Mr. Sigler sold the beer to Mr. Cook who then left the store. Metropolitan police officer John Charles Richards (Officer Richards) espied Mr. Cook leaving the store with a case of beer. Knowing that Mr. Cook was not of-age, Officer Richards approached Mr. Cook and asked for identification. Mr. Cook did not produce any identification. Based upon his personal knowledge regarding Mr. Cook's minority, Officer Richards confiscated the beer and took Mr. Cook into custody.

Officer Richards entered Laverte's Market and spoke with Mr. Sigler regarding the sale of beer to Mr. Cook. Mr. Sigler explained that Mr. Cook produced a Tennessee Driver's License purporting to show that Mr. Cook was of-age. Officer Richards went outside to search for the identification Mr. Cook showed Mr. Sigler. Officer Richards found the identification and, upon further investigation, determined that the driver's license used by Mr. Cook to purchase the beer belonged, in fact, to Mr. Cook's brother, Michael B. Cook, who was over twenty-one years of age.

Mr. Sigler was subsequently cited for violating section 7.08.170(B) of the Metropolitan Code of Laws which provides, in pertinent part, that "[i]t is unlawful for any beer permit holder or his agent or employee: ... (B) To make or permit to be made any sale of beer to a person under twenty-one years of age...." Mr. Cook and his brother were subpoenaed to appear at the initial hearing on August 25, 1999, before the Metropolitan Beer Permit Board (the Board). The Cook brothers failed to appear at the initial hearing, and thus, Mr. Sigler asked for a continuance due to the failure of the witnesses to appear. The matter was rescheduled for October 27, 1999. Despite being subpoenaed a second time, the Cook brothers again failed to appear. Because of this failure, the Board stipulated, upon the request of Mr. Sigler, that the Cook brothers look alike or are very similar in appearance.

At the October 27th hearing, Mr. Sigler admitted that he sold beer to Mr. Cook after he produced a Tennessee Driver's License purporting to show that Mr. Cook was twenty-one years of age or older. Based upon this admission, the Board sustained the citation. Because of the circumstances surrounding the sale of the beer, however, the Board imposed the slightest penalty upon Mr. Sigler—a ten day suspension, followed by a ninety day probation period, with an option to pay a

$750 civil penalty in lieu of the suspension. Mr. Sigler petitioned the chancery court for a writ of certiorari. The chancery court heard Mr. Sigler's petition, and it entered an order affirming the Board's decision. Mr. Sigler then filed a motion for new trial, which was subsequently denied. This appeal follows.

On appeal, Mr. Sigler raises the following issue, as we perceive it, for this court's review:

Whether the evidence supports a finding that Mr. Sigler violated section 57–5–301(a)(1) of the Tennessee Code and section 7.08.170(B) of the Metropolitan Code of Laws.

■ In a case involving a beer permit, the Board's decision may be appealed to circuit or chancery court per section 57–5–108 of the Tennessee Code. On appeal to circuit or chancery court, additional proof may be presented, and the statute provides for a trial *de novo*, which, in this context, means that the cause is tried as if it originated in circuit or chancery court, and the trial judge is required to make an independent judgment on the merits, substituting his or her judgment for that of the Board. *See Metropolitan Gov't of Nashville & Davidson County v. Martin*, 584 S.W.2d 643 (Tenn.1979). On appeal from the circuit court, we review the trial court's findings of fact *de novo* with a presumption of correctness unless the preponderance of the evidence is otherwise. Regarding questions of law, our review is *de novo* with no presumption of correctness. Tenn.R.App.P. 13(d).

■ The sale of beer to a minor is prohibited by state and local law. Section 57–5–301(a)(1) of the Tennessee Code governs sales to minors, and it provides that "[a] permit holder ... or any employee thereof shall not make or permit to be made any sales to minors." Tenn.Code Ann. § 57–5–301(a)(1) (Supp.2000). Local law provides that "[i]t is unlawful for any beer permit holder or his agent or employee ... [t]o make or permit to be made any sale of beer to a person under twenty-one years of age[.]" Metropolitan Code of Laws § 7.08.170(B) (1999). In section 57–5–301(a)(1) of the Tennessee Code, knowledge is not made an essential element to the offense. Thus, it is an offense to sell beer to a minor, regardless of the intent or knowledge of the seller. *See* 48 C.J.S. *Intoxicating Liquors* § 259 (1981).

■ Both state and local law provide for sanctions to be imposed against a permit holder who violates the aforementioned laws. According to state law,

[n]o permit or license shall be revoked on the grounds the operator or any person working for the operator sells beer to a minor over the age of eighteen (18) years if such minor exhibits an identification, false or otherwise, indicating the minor's age to be twenty-one (21) or over, if the minor's appearance as to maturity is such that the minor might reasonably be presumed to be of such age and is unknown to such person making the sale. The license or permit may be suspended for a period not to exceed ten (10) days or a civil penalty up to one thousand five hundred dollars ($1,500) may be imposed. . . .

Such revocation, suspension, or imposition of civil penalty may be made for any violation of any provision of this chapter. . . .

Tenn.Code Ann. § 57–5–108(b), (c) (Supp. 2000). As we interpret this statute, a beer permit cannot be *revoked* for selling beer to a minor if the minor exhibits to the seller identification purporting to show the minor to be twenty-one years of age or older, but a beer permit can be *suspended* for sale to a minor.

The power to revoke or suspend beer permits is vested in the Board, and the Board is required by local law to revoke or suspend permits when the permit holder violates state law regarding the sale of alcoholic beverages or when he sells or permits the sale of beer on his premises to anyone under twenty-one years of age. *See* Metropolitan Code of Laws § 7.08.110 (1999).

 At the hearing before the Board, Mr. Sigler, through his attorney, admitted that he sold beer to a minor:

Q: Do you admit you made a sale to somebody underage?

A: Not in violation of law.

Q: Was a sale made to somebody under 21?

A: Yes.

Based upon this evidence and the fact that Tennessee law imposes liability upon a seller regardless of his intent or knowledge, it is clear to this Court that Mr. Sigler violated both state and local law governing the sale of beer to minors. *See* Tenn.Code Ann. § 57–5–103(a)(1) (Supp. 2000); Metropolitan Code of Laws § 7.08.170(B) (1999). Because Mr. Sigler sold beer to a minor, state law permitted, and local law required, Mr. Sigler's license to be suspended. *See* Tenn.Code Ann. § 57–5–108(b), (c) (Supp.2000); Metropolitan Code of Laws § 7.08.110 (1999). Accordingly, we find that the evidence supports the Board's decision, and the trial court's subsequent affirmance, to temporarily suspend Mr. Sigler's liquor license, or alternatively to impose upon him a civil penalty of $750.

For the foregoing reasons, we affirm the trial court's ruling in all respects. The costs of this appeal are taxed to the Appellant, Charles David Sigler d/b/a Laverte's Market, and his surety, for which execution may issue if necessary.