IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 21, 2010 Session

## BOYD'S CREEK ENTERPRISES, LLC., ET AL. v. SEVIER COUNTY, TENNESSEE, a Governmental Corporate Entity, ET AL.

Direct Appeal from the Circuit Court for Sevier County
Nos. 2007-0011-IV, 2007-0042 and 2007-0104     O. Duane Sloane, Judge

No. E2009-00702-COA-R3-CV - FILED NOVEMBER 18, 2010

The question before this Court is whether the issuance of a beer permit in violation of a county's distance rule is non-discriminatory if it results from an agreed order resolving litigation. We conclude that a beer board's decision to effectively exempt a single premises or subset of premises from the enforcement of a valid distance rule is impermissibly discriminatory, even if it results from an agreed order. Because the discriminatory issuance of a single permit in violation of a county's distance rule may invalidate the rule, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Wayne A. Kline and Joshua J. Bond, Knoxville, Tennessee, for the appellant(s), Boyd's Creek Enterprises, LLC.

J. Eric Harrison, Morristown, Tennessee, for the appellant, K-VA-T Food Stores, Inc.

Steven E. Marshall, Sevierville, Tennessee, for the appellant, Weigels Stores, Inc.

Jerry K. Galyon, Sevierville, Tennessee, for the appellees, Sevier County, Tennessee and Sevier County Beer Board.

## OPINION

### I. Background and Procedural History

This appeal addresses the discriminatory application of Sevier County's distance rule with respect to the issuance of permits for the sale of beer for off-premises consumption ("beer permits"). In 1974, the Sevier County Quarterly Court exercised its discretion under Tennessee Code Annotated section 57-205 (now section 57-5-105) to forbid "the sale, storage or manufacturing of beer and light alcoholic beverages within two thousand (2,000) feet of schools, churches, or other places of pubic gathering . . . ." This "2000 foot rule" remained in effect until 2004 when the Sevier County Commission enacted the Beer Resolution for Sevier County, Tennessee ("Resolution"). The Resolution established the Sevier County Beer Board ("Beer Board"), which it granted authority to "regulate the storage, sale, transportation, possession, receipt, manufacture and distribution of such beverages, and to do any and all things necessary or proper under State law." The Resolution also amended the county's distance rule to provide as follows:

> No such beverages shall be sold or distributed except at places where such sale or distribution will not cause congestion or traffic or interference with schools, churches or other places of public gathering, or otherwise interfere with the public health safety and morals and in no case closer than two thousand (2000) feet of such places of public gathering. Further no such beverages shall be sold or distributed within three hundred (300) feet of any residential dwelling, measured from building to building, provided the owner of the residential dwelling appears in person before the Beer Board and objects to the issuance of such permit or license. This provision shall apply to any land that is unzoned and shall not apply to location[s] where beer permits or licenses have been issued prior to the 21st day of July, 1975 or to any application for a change in the licensee or permittee at such location.

In 2006, Pilot Corp. ("Pilot") applied for a beer permit at a premises located within 2,000 feet of the Seymour Branch of the Sevier County Public Library ("Seymour Branch") and the Seymour Post Office in Sevier County. The Beer Board initially denied the application, finding that the premises was located within 2,000 feet of a public gathering place: the Seymour Branch.[1] Litigation ensued. Pilot asserted that the Seymour Post Office was a place of public gathering and, therefore, the previous issuance of permits to three other businesses within 2,000 feet of the post office precluded reliance on the distance rule as a

___

[1]The Beer Board concedes in its brief that it deemed the Seymour Branch a place of public gathering at the time of the Pilot lawsuit.

basis for denial of its application.[2] After the trial court indicated it intended to hold that both the Seymour Branch and the Seymour Post Office were places of public gathering, the parties entered into an agreed order granting Pilot a beer permit and concluding the litigation. The agreed order stated in pertinent part that the Seymour Branch and the Seymour Post Office were not places of public gathering for the purposes of that case, averting a judgment that would invalidate the distance rule.

The current dispute arose following the entry of the agreed order in the Pilot case. In late 2006, the Beer Board denied the applications of Boyd's Creek Enterprises, LLC; Weigel's Store, Inc.; and K-VA-T Food Stores, Inc. (collectively "Petitioners") because their current or proposed business premises were located within 2,000 feet of a school or church. Petitioners, however, disagreed with the Beer Board's reliance on the county's distance rule as a basis upon which to deny their applications. Petitioners filed individual petitions for writ of certiorari against Sevier County and the Beer Board (collectively "Respondents") challenging the enforcement of the 2000 foot rule, arguing that (1) the 2,000 foot rule did not govern their applications under the plain language of the Resolution because the property at issue was zoned property at the time of denial, and (2) the Beer Board's discriminatory application of the 2,000 foot rule, i.e., the non-enforcement of the rule against other premises located within 2,000 feet of a public library and a post office, invalidated the rule. The court consolidated these petitions for trial.

On December 2, 2008, the court conducted an initial hearing in the matter, siding with Petitioners in light of the Beer Board's about-face in the Pilot case. In an oral ruling, the court concluded that the Seymour Branch was a place of public gathering and that the Beer Board's decision to grant Pilot a beer permit in violation of the 2000 foot rule was discriminatory. The court nevertheless stayed its ruling upon motion of the Beer Board and later reopened the proof, requesting a full briefing on the evidence and law supporting the parties' positions. The court explained that it desired further evidence on the circumstances surrounding the entry of the agreed order in the Pilot case and additional argument on the arbitrariness of the Beer Board's decision to issue a permit to Pilot.

After a second hearing on February 10, 2009, the court reversed course and ruled in favor of Respondents. The court expressly held that the Seymour Branch was a place of public gathering but nonetheless decided that the Beer Board had not arbitrarily applied

---

[2]The Seymour Branch was not built until 2004, and the Pilot case was the first case in which the Beer Board denied a permit to a business located within 2,000 feet of the library. Thus, Pilot sought to establish discriminatory enforcement of the distance rule based on the previous grants of permits to businesses located within 2,000 feet of the post office.

Sevier County's distance rule in light of the additional facts presented.[3] The court reasoned: (1) the Beer Board issued the permit as the result of an agreed order entered into only after the court indicated it intended to enter a judgment that would invalidate the rule, (2) the court indicated to the Beer Board during the Pilot case that issuance of the permit pursuant to an agreed order would not impede its future ability to enforce the 2000 foot rule, and (3) the Beer Board clearly did not believe issuance of the permit would invalidate the rule. The court concluded that, although the Beer Board had previously issued a beer permit to a Pilot-owned premises within 2,000 feet of a public gathering place while enforcing the distance rule against similar premises within 2,000 feet of schools and churches, its action was not arbitrary or discriminatory.[4] Thus, the Beer Board rightfully denied Petitioners' applications on the basis of the distance rule. Petitioners timely appealed.[5]

## II. Issue Presented

The dispositive issue before this Court, as we perceive it, is whether the provision of a permit for the sale of alcohol for off-premises consumption in violation of a county's distance rule as the result of an agreed order in a contested civil case, if unremedied, invalidates the rule as a basis for the denial of future permits. All other issues are pretermitted.[6]

## III. Standard of Review

The exclusive method of review for a beer board's denial of a beer permit is the statutory writ of certiorari set forth in Tennessee Code Annotated section 57-5-108. Tenn. Code Ann. § 57-5-108(d), (f) (Supp. 2010); *see Suleiman v. City of Memphis Alcohol Comm'n*, 290 S.W.3d 844, 848 (Tenn. Ct. App. 2008) (citations omitted). An unsuccessful applicant may petition the circuit or chancery court of the county in which the denial

_____

[3]The court also concluded that the Seymour Post Office was not a place of public gathering based on the evidence in the record, noting that the post office had "not been at any time material to these proceedings." Because the status of the post office is not dispositive of the question before us, we decline to address it in this appeal.

[4]The court also found that a permit issued to a Japanese steakhouse located within 2,000 feet of the Seymour Branch in 2008 was irrelevant because it occurred nearly two years after the denial of Petitioners' applications.

[5]Petitioners also sought a declaratory judgment but have not appealed the denial of this requested relief.

[6]We will assume for the sake of argument that Sevier County's distance rule applies to Petitioners' zoned property.

occurred and receive a trial *de novo* as a substitute for an appeal. Tenn. Code Ann. § 57-5-108(d). The grant of the writ requires certification and transmission of the proceedings before the board.[7] Tenn. Code Ann. § 57-5-108(e). The trial court nevertheless presides over the trial *de novo* as if the dispute originated in that court. *Suleiman*, 290 S.W.3d at 848 (citing *Cantrell v. DeKalb Cnty. Beer Bd.*, 376 S.W.2d 480, 482 (Tenn. 1964)). Thus, the trial court may make an independent evaluation on the merits and substitute its judgment for that of the beer board. *Id.* (citing *Cantrell*, 376 S.W.2d at 482). On appeal, we accord a presumption of correctness to a trial court's factual findings unless a preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d); *Suleiman*, 290 S.W.3d at 848-49 (citations omitted). No presumption of correctness, however, attaches to a trial court's conclusions of law. Tenn. R. App. P. 13(d); *Sigler v. Metro. Beer Permit Bd. of Metro. Gov't*, 62 S.W.3d 732, 734 (Tenn. Ct. App. 2001) (citation omitted).

## IV. Analysis

Tennessee Code Annotated section 57-5-105 provides counties discretion to forbid the storage, sale or manufacture of beer within 2,000 feet of schools, churches, or other places of public gathering. Tenn. Code Ann. § 57-5-105(b)(1) (Supp. 2010); *Rutherford Cnty. Beer Bd. v. Adams*, 571 S.W.2d 830, 831 (Tenn. 1978). The discretion to adopt a 2,000 foot rule, however, does not include authority to apply the rule in a discretionary or discriminatory manner. *Adams*, 571 S.W.2d at 831 (citing *City of Murfreesboro v. Davis*, 569 S.W.2d 805 (Tenn. 1978); *Seay v. Knox Cnty. Quarterly Court*, 541 S.W.2d 946 (Tenn. 1976); *Serv-U-Mart, Inc. v. Sullivan Cnty.*, 527 S.W.2d 121 (Tenn. 1975)). "[O]nce a county adopts a rule requiring a beer permit applicant's business site be 2,000 feet from the nearest church, school or public place . . . , the rule must be applied consistently and without discrimination." *Reagor v. Dyer Cnty.*, 651 S.W.2d 700, 701 (Tenn. 1983) (citations omitted). Our supreme court has established that "*[a]ny* discriminatory application invalidates the rule." *Id.* (emphasis added) (citations omitted). Thus, discriminatory enforcement of a distance rule, once established, prohibits reliance upon the rule as a valid ground for the denial of a beer permit. *Davis*, 569 S.W.2d at 807-08 (citation omitted).

Petitioners argue that the issuance of a beer permit to Pilot for a business premises located within 2,000 feet of the Seymour Branch invalidated the distance rule as basis for denial of their respective permits. We agree. The record wholly supports the trial court's conclusion that the Seymour Branch is a public gathering place. The affidavit of Marty Hamilton, Sevier County Library Board Trustee, and incorporated materials show that the

---

[7]The appellate record does not contain a certified transcript and records of the hearings before the Beer Board, despite an order requiring the same. The parties nonetheless agree that the relevant documents have been included in the record.

Seymour Branch is a place of public gathering which hosts a summer reading program with an annual attendance of over 1,000 children, mini-concerts, club meetings, and other public meetings; that the community holds the Seymour Branch's meeting room in high regard and depends greatly upon it as a safe, public meeting place; and that the Seymour Branch has become so popular in catering to the community that the library hopes to one day expand the size of its meeting room. The Beer Board, on the other hand, has pointed to no evidence suggesting that the Seymour Branch is not a place of public gathering. Thus, the record demonstrates that the Beer Board violated Sevier County's distance rule when it issued a beer permit to Pilot in 2006, because the premises at issue was indisputably located within 2,000 feet of a public gathering place.

Respondents nevertheless argue that the issuance of a permit to Pilot under the unique circumstances of that case was non-discriminatory. Respondents submit that the agreed order granting Pilot a permit resulted from "strategic settlement negotiations, entered into in good faith, to find a resolution beneficial to the Beer Board and its distance rule." Respondents add that, subsequent to the entry of the agreed order, the Beer Board has consistently considered the Seymour Branch not to be a place of public gathering. Petitioners respond, to the contrary, that there is "no 'good faith' or discrimination exception" to the general rule that discriminatory enforcement of a distance rule invalidates the rule.

We are persuaded that no exception lies for the discriminatory application of a distance rule simply because it occurs pursuant to an agreed order entered into in good faith. Nor does consistent discriminatory enforcement of a distance rule provide a basis upon which to excuse its arbitrary application. Finding otherwise would create a multitude of opportunities for discriminatory and/or preferential treatment on a case-by-case basis and unwisely permit the resourceful to game a system designed to establish uniformity. Without a doubt, the Beer Board entered into the prior agreement with Pilot as an end-run around the looming invalidation of its distance rule, thereby granting Pilot license to violate the 2,000 foot rule while strictly enforcing the rule against other businesses. The Beer Board cannot, however, save its discriminatory application of the distance rule by providing equally discriminatory relief to a single premises or subset of premises. We therefore conclude that the Beer Board's discriminatory application of Sevier County's distance rule invalidated the rule as a basis upon which to deny Petitioners' applications for beer permits. The decision of the trial court is reversed and this case is remanded for the entry of an order requiring the issuance of Petitioners' requested permits.[8]

---

[8]Counsel for Respondents conceded at the first hearing before the trial court that no other basis existed upon which to deny Petitioners' applications at the time of denial.

## V.  Conclusion

For the foregoing reasons, we reverse the decision of the trial court and remand this case for the entry of an order requiring the Beer Board to issue Petitioners' requested permits. Costs of this appeal are taxed to the appellees, Sevier County, Tennessee and the Sevier County Beer Board, for which execution may issue if necessary.


_____
DAVID R. FARMER, JUDGE