# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 26, 2012 Session

## CHEYNEY MCCARTER, d/b/a USA SPORTS GRILL, LLC v. CITY OF MT. JULIET, ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 10C190 11C056     Charles K. Smith, Chancellor**

---

**No. M2011-02547-COA-R3-CV - Filed February 4, 2013**

---

The Mt. Juliet Beer Board suspended the beer permit of a restaurant, and the restaurant owner appealed the suspension to the chancery court by filing a petition for writ of certiorari. The City did not file an answer within the requisite time period because it did not believe Tenn. Code Ann. § 57-5-108, which governs appeals of beer board decisions, required this. The City actively participated in the case in other ways by filing a motion to set the case for trial, filing a comprehensive pre-trial brief, and responding to discovery requests. The restaurant owner moved for default judgment based on the City's failure to answer the petition, after which the City filed an answer. On the day set for trial, the trial court awarded the restaurant owner a default judgment based on the City's failure to file an answer in a timely fashion and its failure to seek leave to file a late answer. We reverse and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Brandt M. McMillan, Nashville, Tennessee, for the appellants, City of Mt. Juliet, City of Mt. Juliet Beer Board, and the following Individuals Serving in their capacity as members of the Beer Board: Mike Wheeler, Gwen Sherman, Winston "Ted" Floyd, Mike Gallion, and Mark Brewer.

G. Jeff Cherry, Lebanon, Tennessee; David Henry Veile, Franklin, Tennessee; James B. Lewis, Nashville, Tennessee, for the appellee, Cheyney McCarter, d/b/a USA Sports Grill, LLC.

## OPINION

### I. BACKGROUND

This case concerns an appeal from the Mt. Juliet Beer Board to the Chancery Court in Wilson County. Cheney McCarter is the owner of USA Sports Grill, LLC ("Sports Grill"), which is located in Mt. Juliet, Tennessee. At all relevant times Sports Grill operated with a permit to sell beer for on-premises consumption that was issued by the City of Mt. Juliet Beer Board (the "Beer Board"). The record indicates that in December 2009, an employee of Sports Grill was cited for selling beer to an underage customer. The Beer Board subsequently held a hearing and voted to suspend Sports Grill's beer permit for 90 days.

In May 2010 Sports Grill filed a Petition for Writ of Certiorari with the Chancery Court in which it sought a writ and stay of execution of the suspension levied against it. The trial court issued a writ to the City of Mt. Juliet (the "City") and the Beer Board (both entities will be referred to henceforth as the "City") directing them to make, certify, and transmit to the court within 30 days the entire record of proceedings relating to the suspension of Sports Grill's beer permit. The trial court also issued an order staying the suspension of Sports Grill's beer permit as well as a summons to the City and each individual serving on the Beer Board directing them to serve upon Sports Grill's attorney an Answer to the complaint filed by Sports Grill within 30 days.

Neither the City nor the Beer Board transmitted the record of proceedings to the court or filed an Answer within the following 30 days. In October 2010 and again in January 2011 the City filed a motion to set the case for trial. The parties entered into an Agreed Order in February 2011 setting the case for a non-jury trial on May 5, 2011. On April 28, just seven days before the trial was scheduled, the City filed with the trial court the record of proceedings before the Beer Board.

On May 2 Sports Grill filed a motion for default judgment, or in the alternative, to deem admitted all allegations contained in its petition. The grounds Sports Grill cited were twofold: the City had not filed an Answer or other pleading responsive to its petition, and the City filed the record of proceedings extremely late, just one week prior to the trial date. The City filed a response to Sports Grill's motion for default judgment and argued that it was not required to file a responsive pleading to a writ for certiorari. The City argued that its only requirement was to file the record from the Beer Board, which it had done. Out of an abundance of caution, however, the City stated in its response that its decision to suspend Sports Grill's beer permit for 90 days was appropriate, legal, and not arbitrary, based on Sports Grill's failure to comply with the City's beer ordinance then in effect (prohibiting the

sale of alcohol to anyone under the age of 21).

The City then filed a pre-trial brief on May 4 in which it defended its decision to suspend Sports Grill's beer permit. The parties thereafter reset the trial date from May 5 to September 29. In August the parties engaged in discovery, wherein Sports Grill served interrogatories and document requests on the City and the City responded in a timely fashion. Sports Grill then renewed its motion for default on September 21 and filed a motion *in limine* to preclude the City from introducing evidence at the trial because the City failed to respond to its writ by filing an Answer or other responsive pleading.

The City responded to Sports Grill's second motion for default judgment two days later, restating its position that no Answer is necessary when a petition for writ of certiorari is filed. The City nevertheless filed an Answer to Sports Grill's petition that same day.

The parties appeared in trial court on September 29 with their witnesses and exhibits, prepared to try the case. Rather than start the trial, however, the court addressed Sports Grill's motion for default judgment and motion *in limine*. The court found the City was required to file an Answer to Sports Grill's petition and, since the City failed to seek leave from the court to file a late Answer, the court disregarded the City's filing. The court then granted Sports Grill's motion for default judgment, writing in its Order:

> This Court finds that based upon *Grigsby v. City of Plainview*, 194 S.W.3d 408 (Tenn. Ct. App. 2005), *Upper Norris Conservation Club, Inc. v. Town of Cumberland Gap*, No. E2006-0193-COA-R3-CV, 2007 WL 1574286 (Tenn. Ct. App. May 31, 2007), and *Fentress County Beer Board v. Cravens*, 356 S.W.2d 260 (Tenn. 1962), the provisions of TCA 27-9-101 et seq. apply to this Writ of Certiorari matter dealing with the appeal of a beer board. Specifically, TCA 27-9-110 requires that an answer be filed.

> Moreover, an answer must give notice of the defenses relied upon. The answers in these cases were filed on September 23, 2011, just six (6) days before this trial. The Court finds that six (6) days notice is insufficient for a case as complex as this that has been pending for a year and a half.

> Although the Tenn. R. Civ. P. give this Court discretion to permit a late-filed answer at the request of the Defendant upon showing excusable neglect, there has been no motion or other request of Defendant to file a late-filed answer.

> As such, the Defendant's purported answer filed September 23, 2011, [is] not timely.
>
> It is therefore **ORDERED, ADJUDGED** and **DECREED** that the Petitioner's Motion in Limine and Motion for Default are **GRANTED** . . . and that a judgment is entered in favor of the Petitioner . . . .

Rather than filing a motion to set aside the default judgment pursuant to Tenn. R. Civ. P. 55.02, the City filed a Notice of Appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The City argues on appeal that judicial review of the Beer Board's decision to suspend Sports Grill's beer permit is governed by Tenn. Code Ann. § 57-5-108, not by Tenn. Code Ann. § 27-9-110, as the trial court held, and that the procedure under § 57-5-108 does not require the respondent to file an Answer or other responsive pleading to a petition for writ of certiorari.

The City argues further that the trial court erred in granting Sports Grill a default judgment because the City actively defended its decision to suspend Sports Grill's beer permit. Because of the specific dispute between the parties and the basis for the trial court's ruling, it is important to put the default judgment entered in this case into context, *i.e.*, the type of proceeding involved.

## II. JUDICIAL REVIEW OF BEER BOARD DECISIONS

Tennessee Code Annotated, §§ 57-5-101 *et seq.*, govern the regulation of "Beer and Alcoholic Beverages Containing Less Than Five Percent Alcohol." Provisions within those statutes establish the method for a party to seek and obtain judicial review of a city beer board decision, including a decision to suspend a permit. The relevant portions provide:

> (d) The action of such agency [beer board] in connection with the issuance of any order of any kind, including the revocation or suspension of a license or permit, imposition of a civil penalty or the refusal to grant a license or permit under §§ 57-5-105, 57-5-106 and this section, may be reviewed by statutory writ of certiorari, with **a trial de novo as a substitute for an appeal**, the petition of certiorari to be addressed to the circuit or chancery court of the county in which any such order was issued.
>
> . . . . .
>
> (f) The provisions of this section shall be **the sole remedy and exclusive method of review** of any action or order that may have been issued by any

-4-

county legislative body, or any committee appointed by any county legislative body, or from any board or commission authorized under §§ 57-5-105 and 57-5-106, including the refusal or failure to grant any license or permit or the imposition of a civil penalty. The provisions of the Tennessee Rules of Civil Procedure shall be applicable in connection with such review.

Tenn. Code Ann. § 57-5-108(d), (f) (Supp. 2011) (emphasis added).

As the language makes clear, this statute provides the only method for judicial review of a beer board decision. *Suleiman v. City of Memphis Alcohol Comm'n*, 290 S.W.3d 844, 848 (Tenn. Ct. App. 2008). It is generally stated that the revocation or suspension of a beer permit is reviewable by the trial court under the statutory writ of certiorari with a trial *de novo*. *Metro Beer Permit Board v. Jones*, 625 S.W.2d 267, 268 (Tenn. 1981). Thus, the statute establishes both the procedural framework and the standard of review.

In Tennessee, there are two types of writs of certiorari: (1) the common law writ, codified at Tenn.Code Ann. § 27–8–101 and (2) the statutory writ, codified at Tenn. Code Ann. § 27–8–102. *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983); *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). Although the two statutes do not make the distinction clear, our courts have held that the writ of certiorari described in Tenn. Code Ann. § 27-8-101 is the common law writ and the writ described in Tenn. Code Ann. § 27-8-102 is the statutory writ. *Boyce v. Williams*, 389 S.W.2d 272, 276 (Tenn. 1965); *Cooper v. Williamson County Board of Education*, 746 S.W.2d 176, 179 (Tenn. 1987).

While determining which writ applies to the appeal of an administrative body's decision may sometimes be a complex question, *Tenn. Waste Movers, Inc. v. Loudon County*, 160 S.W.3d 517, 520 n.2 (Tenn. 2005), no such complexity exists where, as here, a specific statute expressly grants review under the statutory writ. *Cooper*, 746 S.W.2d at 178-79.

In *State v. Lane*, 254 S.W.3d 349 (Tenn. 2008), the Tennessee Supreme Court explained that an important difference between the two writs is the scope of review employed by the courts:

[T]he "common-law writ of certiorari" should not be confused with the "statutory writ of certiorari." *See* Tenn. Code Ann. § 27–8–102 (2000). The pertinent difference between these two writs is the scope of review used by courts. In *Cooper*, we noted that "'cases, broadly speaking, recognize the distinction between the writ of certiorari as employed under the common-law,

for the review of the legality of the action of a board or inferior tribunal as within its jurisdiction or powers, and the same writ authorized by statute to be employed, in lieu of an appeal, to review and correct errors of fact and law committed by such inferior tribunal.'" *Cooper*, 746 S.W.2d at 179 (quoting *Anderson v. City of Memphis*, 72 S.W.2d 1059, 1060 (1934)). Thus, the common-law writ "does not ordinarily extend to a redetermination of the facts found by the administrative body"; whereas, the statutory writ generally allows for a trial de novo. *Id*.

*State v. Lane*, 254 S.W.3d at 354 n.4. In other words, the intrinsic correctness of the decision of an inferior tribunal is not subject to judicial review under the common-law writ, *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. App. Ct. 1994), but if the statutory writ lies, review under the writ is *de novo* and may be used to correct errors of fact and law committed by the inferior tribunal. *Boyce*, 389 S.W.2d at 276. *Hoover Motor Exp. Co. v. R.R. Pub. Utilities Comm.*, 261 S.W.2d 233, 238-39 (Tenn. 1953).

### A. Standard of Review

The statutes on beer regulation specifically establish the standard of review to be applied by courts to a beer board decision. Tenn. Code Ann. § 57-5-108(d). The "trial *de novo* as a substitute for an appeal" language was part of amendments in 1961 and "made material changes in the scope of review." *Cantrell v. DeKalb County Beer Board*, 376 S.W.2d 480, 481-82 (Tenn.1964). Courts have further explained that standard, stating that the trial court is to conduct a review *de novo* of the beer board's decision,[1] which "means that the cause is tried as if it originated in circuit or chancery court, and the trial judge is required to make an independent judgment on the merits, substituting his or her judgment for that of the Board." *Siegler v. Metropolitan Beer Permit Bd.*, 62 S.W.3d 732, 734 (Tenn. Ct. App. 2001); *Cantrell,* 376 S.W.2d at 482.

An unsuccessful applicant may petition the circuit or chancery court of the county in which the denial occurred and receive a **trial de novo as a substitute for an appeal**. Tenn. Code Ann. § 57–5–108(d). The grant of the

---

[1]Absent specific statutory language otherwise, in cases brought pursuant to the statutory writ of certiorari any hearing "shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce." Tenn. Code Ann. § 27-9-111(b). Prior to 1961 amendments to the beer statutes, a trial court's scope of review of a beer board's decision was limited to review under a common law writ of certiorari. *Cantrell*, 376 S.W.2d at 481. Under such review, "the reviewing court is limited to inquiry as to whether the administrative agency acted fraudulently, illegally or arbitrarily." *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 276 (Tenn. 1980) (quoting *Hoover Motor Express Co.*, 261 S.W.2d 233 (Tenn.1953)).

writ requires certification and transmission of the proceedings before the board. Tenn.Code Ann. § 57–5–108(e). The trial court nevertheless **presides over the trial de novo as if the dispute originated in that court**. *Suleiman*, 290 S.W.3d at 848 (citing *Cantrell v. DeKalb Cnty. Beer Bd.*, 213 Tenn. 568, 376 S.W.2d 480, 482 (1964)). Thus, the trial court may make an independent evaluation on the merits and substitute its judgment for that of the beer board. *Id*. (citing *Cantrell*, 376 S.W.2d at 482).

*Boyd's Creek Enterprises, LLC v. Sevier County*, 362 S.W.3d 600, 604 (Tenn. Ct. App. 2010) (emphasis added).

Because the statute provides for a trial *de novo*, the case is tried as if it were an original action in the trial court. *Siegler*, 62 S.W.3d at 374. Thus, judicial review of a beer board decision is akin to an appeal of a general sessions court judgment[2] or a juvenile court judge's review of a magistrate's decision[3].

The trial judge is to try the case, weigh the evidence presented, and make his or her own decision, **without regard to any action the Beer Board may have taken**, as opposed to merely deciding whether the beer board acted arbitrarily or illegally. *Richards v. Lewisburg Alcoholic Beverage Comm'n*, 543 S.W.2d 852, 854 (Tenn. 1977); *see also PP & C, Inc. v. Metropolitan Beer Permit Bd.*, 833 S.W.2d 90, 93 (Tenn. Ct. App. 1992) (holding that any error in the hearing before the beer board was moot because the trial court heard the case *de novo* and also stating, "[q]uestions raised before the board have all been tried again and found against the appellants.").

In other words, once the petition for writ of certiorari has been granted, the writ

---

[2]An appeal from general sessions court to the circuit court results in a *de novo* trial with no presumption of correctness, and the matter is tried **as if there had been no previous proceeding**. *Hohenberg Bros. v. Missouri Pacific R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. Ct. App.1979); *JRM Investments, Inc. v. National Standard, LLC*, 2012 WL 1956421, at *2 (Tenn. Ct. App. May 31, 2012).

[3]Under Rule 4(c) of the Tennessee Rules of Juvenile Procedure and Tenn. Code Ann. § 37–1–107(e), a party may seek review of a magistrate's decision in a juvenile case by way of a *de novo* hearing before the Juvenile Court judge. *Kelly v. Evans*, 43 S.W.3d 514, 515 (Tenn. Ct. App. 2000). The *de novo* hearing is not a review of the record presented to the magistrate, but is a full evidentiary hearing akin to a new trial, as in an appeal from a general sessions court to a circuit court. *Kelly*, 43 S.W.3d at 515; *see also Kissick v. Kallaher*, 2006 WL 1350999, at *3 (Tenn. Ct. App. May 18, 2006) (judgment of the juvenile court vacated and remanded for a *de novo* trial because the juvenile court judge reviewed the referee's decision without a hearing or the presentation of any evidence).

issued, and further proceedings in the trial court have begun, anything done by the beer board and any alleged errors or irregularities in proceedings before the board are irrelevant. Herein, the proceedings before the trial court would involve proof of whether Sports Grill violated the laws regarding sales to minors. The trial would involve no proof of whether the Beer Board acted arbitrarily. The City would become, in essence, the plaintiff or prosecutor, and be in the same position it was in when it brought charges before the Beer Board.

These particulars of the mechanism for review of a beer board decision have relevance to the issue that the parties disputed below and upon which the trial court made its decision: whether the Beer Board was required to file an answer.

### B. Procedural Framework

The statutes governing both common law and statutory writs of certiorari include some provisions on procedure, and those provisions, in general, apply to certiorari actions. *See*, *e.g.*, Tenn. Code Ann. § 27-8-106 (establishing requirements for petition). Additionally, the procedural statutes found at Tenn. Code Ann. § 27-9-101 *et seq.*, entitled "Review of Boards and Commissions," generally apply to both statutory and common law writs. *Fallin v. Knox County Bd. Of Comm'rs*, 656 S.W.2d 338, 341 (Tenn. 1983); *Hoover Motor Express Co.*, 261 S.W.2d at 244; *Fairhaven Corp.*, 566 S.W.2d at 886 (the procedural framework for review under both the common law and statutory writs appears in ch. 9 of Title 27); *see also*, Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 MEM. ST. UNIV. L. REV 19, 19 (1977) (Chapter 9 of Title 27 provides the procedural framework for review under both the common-law and statutory writs of certiorari but does not affect the availability of either writ).

However, application of the provisions of any of the procedural statutes in chapter 9 is not automatic, as the first provision on review of boards and commissions states:

> Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

Tenn. Code Ann. § 27-9-101.

The parties disagree about whether the City was required to file an answer or other responsive pleading to Sports Grill's Petition for Writ of Certiorari. The trial court held that the City was required to file an answer giving notice of the defenses relied upon; that the City failed to timely file an answer; and that Sports Grill was consequently entitled to a default judgment.

Sports Grill argues that the general statute addressing the review of boards and commissions, Tenn. Code Ann. § 27-9-101 *et seq.*, entitled "Review of Boards and Commissions," required the City to file an Answer to its petition. The relevant provision states:

(a)  All defendants named in such petition, desiring to make defense, shall do so by answer (in which grounds of demurrer shall be incorporated) to such petition within thirty (30) days from the date of the filing of the transcript, unless the time be extended by the court.

Tenn. Code Ann. § 27-9-110(a).

The City points out that unlike section 27-9-110, section 57-5-108 (the beer board judicial review statute) does not require the respondent to file an answer.  The City acknowledges that the Tennessee Rules of Civil Procedure apply to trials *de novo* under section 57-5-108, but contends that nothing in the Tennessee Rules of Civil Procedure specifically requires a respondent to file an Answer in response to a petition for writ of certiorari.[4]

Sports Grill acknowledges that section 57-5-108 applies to the judicial review of the Beer Board's decision to suspend its beer permit, but argues that where there is no conflict between the two statutes, sections 29-7-101 *et seq*. apply as well.[5]  As Sports Grill points out, a number of cases involving judicial review of beer board decisions have applied both sets of statutes.[6]  However, we have found no opinion dealing directly with the requirement of an answer when the petition has already been granted and where review is by trial *de novo*.

---

[4]While it is true that "T.R.C.P. 8 contemplates that every petition that sets forth a claim for relief shall be met by an Answer in writing," *Smith v. Smith*, 643 S.W.2d 320, 322 (Tenn. 1982), it is not clear that the Rules require an answer here.  First, the answer contemplated would be to the **petition**, not necessarily to any request for relief after the petition is granted.  Additionally, as discussed earlier, once the writ was issued and proceedings began in the circuit court, the City became the plaintiff and had the burden of proving the charges it had brought against the permit holder.  In any event, the City ultimately filed an Answer before the trial court granted Sports Grill a default judgment, so we are not required to decide that issue.

[5]The City argues that the provisions of section 27-9-101 *et seq*. and section 57-5-108 are contradictory and points out that whereas § 57-5-108 provides for a trial *de novo*, § 27-9-111 provides for a review of the board's decision based on the proof introduced before the board, in addition to other evidence the parties may want to introduce.

[6]*See Fritts v. Wallace*, 723 S.W.2d 948, 949 (Tenn. 1987); *Captain v. Knox Cnty. Beer Bd.*, 1991 WL 119291 (Tenn. Ct. App. July 8, 1991); *Shields v. Blount Cnty., Tennessee Beer Bd.*, 1993 WL 211768 (Tenn. Ct. App. June 17, 1993); *United Methodist Church v. Loudon Cnty. Beer Bd.*, 1998 WL 429641 (Tenn. Ct. App. July 30, 1998); *Grigsby v. City of Plainview*, 194 S.W.3d 408 (Tenn. Ct. App. 2005); *Grigsby v. City of Plainview*, 2007 WL 3171134 (Tenn. Ct. App. Oct. 30, 2007); and *Upper Norris Conservation Club v. Cumberland Gap*, 2007 WL 1574286 (Tenn. Ct. App. May 31, 2007).

The statute relied upon by both the trial court and Sports Grill requires an answer by "all defendants named in such petition, desiring to make defense." It is possible that a defendant named in a petition for writ of certiorari may want to file a defense in opposition to the issuance of the writ, which is merely an order for the record below to be filed in the trial court. However, in this case, the writ was issued the same day the petition was filed. Similarly, it is possible that a defendant may want to challenge the issuance of a writ even after it has been granted, usually accomplished by a motion to dismiss. However, the question is whether, after proceedings have begun in the circuit court on the merits of the appeal, an answer is necessary.

## C. Application of Statutes Herein

An examination of the actual filings made in the trial court in this case make the probable answer more obvious. The petition for writ of certiorari filed by Sports Grill alleged the Beer Board had acted arbitrarily and capriciously in "assessing an exorbitant suspension of Petitioner's permit." It included specific allegations regarding the insufficiency of proof at the hearing before the Board and asked the court to "reverse the holding of the Mt. Juliet Beer Board based upon a violation of the arbitrary and capricious standard."

As set out earlier in this opinion, in a proceeding for judicial review of a beer board decision, the actions of the board, including whether the board acted arbitrarily or capriciously, are not relevant to the review. Instead, if the writ is granted and not later dismissed, the trial court conducts a new trial as if the beer board proceeding had not occurred. Accordingly, we are not convinced that the City was required to file an answer when it became, in fact, the plaintiff in the new trial.

The trial court issued the writ of certiorari on the day the petition was filed. Accordingly, presenting defenses to the issuance of the writ by answer may have been inappropriate. In addition, Tenn. Code Ann. § 27-9-110(a) requires that those named in the petition who desire to make a defense **to the petition** must file an answer. Here, the petition had issued, and a defense based on the lack of arbitrariness, etc. in the Beer Board's actions was irrelevant to the trial *de novo* to be conducted in the trial court.[7]

The City also argued that the petitioner was present at and participated in the beer board hearing where all the evidence was laid out. Therefore, Sports Grill had ample notice

[7]Nonetheless, "in an abundance of caution," in two of its filings the City stated and restated a general denial and asserted that the Board's decision to suspend the permit for 90 days and to revoke the permit was appropriate, legal, and not arbitrary.

of what the City was going to rely on at trial. In addition, the City asserted that its position was clearly laid out in its trial brief which had been filed much earlier.

In any event, the resolution of this appeal does not require us to determine whether the City was required to file an Answer under the circumstances of the procedural posture below.[8]

### III. DEFAULT JUDGMENT

Rather than filing a motion to set aside the trial court's grant of a default judgment pursuant to Tenn. R. Civ. P. 55.02, the City filed a Notice of Appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

In addition to its argument regarding the requirement of an Answer, the City also argues that the trial court erred in granting Sports Grill a default judgment because the City actively defended its decision to suspend Sports Grill's beer permit by filing a pre-trial brief, engaging in discovery, and ultimately filing an Answer before the trial date. Moreover, the City argues, the parties were ready to try the case, with exhibits in hand and witnesses prepared to testify, on the day the trial court granted Sports Grill's motion for default judgment.

Rule 55.01 of the Tennessee Rules of Civil Procedure provides for the entry of a default judgment in the following circumstances:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered
> . . . .

A default judgment disposes of a case on its merits and is generally considered an admission of the properly plead material allegations of fact set forth in the complaint. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 194 (Tenn. Ct. App. 2000).

> The essence of a default judgment is that a nonmovant fails to take a step required by a rule of practice or of the court. A default judgment contemplates a lack of responsiveness by defendant such that plaintiff is entitled to judgment as a matter of policy; defendants are not to be allowed to prolong litigation by

_____

[8]Even if it were, we would conclude that the filings by the City sufficed as an Answer, regardless of the titles.

imposing procedural delays. The default judgment protects a diligent party
from continual delay and uncertainty as to his or her rights.

*Id*. (quoting 49 C.J.S. *Judgments* § 196 (1997)),

A trial court's decision to enter a default judgment is reviewed for an abuse of discretion. *Looper*, 86 S.W.3d at 193.[9] This means we review the trial court's decision to enter a default judgment against the City to determine whether the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010) (further citation omitted)). In applying this standard, a trial court cannot substitute its judgment for that of the trial court. *Id.* (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)).

The trial court in this case granted a default judgment against the City because the City had not filed an Answer. That holding overlooked the remaining language in Tenn. R. Civ. P. 55.01 that authorizes a default judgment when a defendant has "failed to plead or otherwise defend" an action. *See Howse v. Johnson*, 2000 WL 758469, at *3 (Tenn. Ct. App. June 13, 2000) (when defendant actively participates in case and plaintiff is aware of defendant's position, default judgment is not appropriate); *Allen v. Allen*, 2011 WL 198516, at *4 n.6 (Tenn. Ct. App. Jan. 12, 2011) (default judgment will not be awarded where party pleads her case, appears before court, and files motions).

Herein, the City actively participated in the case by filing two different motions to set the case for trial, entering into two agreed orders setting the case for trial, filing the record of proceedings before the Beer Board, filing a comprehensive Pre-Trial Brief, filing two responses to the motions for default judgment that set out the City's position that the Beer Board had not acted arbitrarily or beyond its jurisdiction, responding to Sports Grill's interrogatories and document requests, and finally filing a document called an Answer. The City was late in filing the record of proceedings before the Beer Board, but the trial court did

---

[9]There is authority from an unreported decision that when no Rule 60.02 motion is made in the trial court to set aside a default judgment the trial court's entry of default judgment is reviewed only for fundamental errors apparent on the face of the record. *First Union Nat'l Bank of Tennessee v. Abercrombie*, 2003 WL 22251347 (Tenn. Ct. App. Oct. 2, 2003). *Abercrombie* was decided nine years ago, and we note that only one case has relied on *Abercrombie* for this purpose in all this time, which decision was also unreported. Based on the well-settled doctrine that relief from default judgments should be granted liberally so that cases are decided on their merits, we decline to apply the fundamental errors standard and apply the more widely accepted standard of abuse of discretion.

not appear to rely on this late filing to justify its entry of default judgment.[10] In any event, the record was filed well before the default judgment was requested and the delay in filing it cannot have prejudiced Sports Grill. *Cooper*, 745 S.W.2d at 282 (holding trial court erred in dismissing beer board appeals due to late filing of administrative record where plaintiffs were not prejudiced by late filing).

"[A]t every stage of the proceedings, courts are instructed to grant relief from default judgments liberally because of the strong preference for deciding cases on their merits." *Discover Bank v. Morgan*, 363 S.W.3d 479, 490 n.20 (Tenn. 2012). Default judgments are "drastic sanctions" and are not favored by the courts because they "run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (citations omitted). "The prime function and purpose of the judicial system is to settle, determine and end differences between contending parties . . . and courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits." *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991).

The trial court did not acknowledge the City's filings or activity in the case, and the parties appeared in court ready to try the case on the date set for trial. We hold that the trial court applied an incorrect legal standard. Based on our conclusion that the trial court abused its discretion in granting Sports Grill's motion for default, we reverse the trial court's entry of default judgment and remand the case for further proceedings.

## IV. CONCLUSION

For the reasons set forth above, we hold the trial court erred in granting Sports Grill a default judgment. We accordingly reverse the trial court's judgment and remand this case for further proceedings. Costs of appeal are assessed against Cheney McCarter, d/b/a USA Sports Grill, LLC, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

---

[10]Even though the statutes require the filing of the record from the Beer Board, the Tennessee Supreme Court has explained: "In reviewing a judgment of a trial court in cases involving beer permits, the evidence before the beer board is of no consequence, since the matter is heard in a trial *de novo* in a circuit or chancery court." *Cooper*, 745 S.W.2d at 281 (citing *McCarter v. Goddard*, 609 S.W.2d 505, 508 (Tenn.1980)).